THE MAYOR AND ALDERMEN OF SAVANNAH *vs.* BROWN.

1. A municipal corporation may enter an appeal in *forma pauperis* through its chief executive officer.
2. The mayor of Savannah can only try and dismiss a policeman in his judicial capacity as mayor, and an appeal to the mayor and aldermen in council will lie from his decision. The charge of the court to the contrary was error.

Appeal.  Municipal corporations.  Officers.  City of Savannah.  Before Judge TOMPKINS.  Chatham Superior Court.  October Term, 1878.

To the report contained in the decision, it is only necessary to add the following:  Brown was a policeman in Savannah.  He was arrested by order of the chief of police, who preferred charges against him to the mayor.  The latter heard the case and dismissed Brown from the force.  Brown sought to appeal to the mayor and aldermen in council.  The mayor refused to recognize his right to appeal.  Brown then sued for his wages.

The law in regard to the power of the mayor will appear from the Code of Georgia, §§4858, 4880, and the following citations from the briefs of counsel (City Code, pp. 369–374):

Ordinance 1860—City Code, 369 (2):

"That from and after the aforesaid first of February next, the police force shall consist of fifty-six privates, who shall be appointed by the mayor, subject to the approval of the council, for the term of three years from the date of their appointment, unless removed therefrom

*for inefficiency* or *improper conduct,* and whose pay shall be $900.00 per annum."

### Ordinance 1860—City Code, 371 (13):

"The equipment, disposition and control and arrangement of the police force shall be entrusted to the chief of police, subject to the mayor, and to such rules, regulations and ordinances as may, from time to time, be made by the mayor and aldermen of the city."

### Same ordinance, p. 374 (23):

"If any member of the police force shall receive a bribe for liberating any person duly arrested for violation of the city ordinances, or the laws of the state, or if he shall be guilty of violent, injurious or improper conduct *whilst* on duty, to any person, or if he shall in any manner misbehave in or neglect his duties, the offender, if a private, may be fined or dismissed, or both at the discretion of the mayor or acting mayor, and his bond may also be put in suit.      case of an officer, a report required to be made to council). And if any policeman shall, without satisfactory cause, abandon his station or leave his division before the appointed hour, or if he shall neglect to inform against any person who may, within his knowledge, violate any of the ordinances of the city, he may, upon conviction, be *fined* in a sum not exceeding ten dollars, or be suspended or dismissed, at the discretion of the mayor or acting mayor."

### Ordinance 1860—City Code, 374 (24):

"The mayor, as the head of the police department, shall have and exercise a general superintendence over the members of the police force, and may at any time appoint the mode and places in which the policemen shall be stationed, by written orders," etc.

W. D. HARDEN, for plaintiffs in error.

RUFUS E. LESTER, for defendant.

WARNER, Chief Justice.

Brown, the plaintiff, sued the defendants in a justice court for his wages as a policeman, and an appeal was taken therefrom to the superior court. On the trial of the case in the latter court, the jury, under the charge of the court, found a verdict in favor of the plaintiff. A motion was made for a new trial on the grounds therein stated, which was overruled, and the defendants excepted.

1. The plaintiff also filed a bill of exceptions *pendente lite*

to the decision of the court in refusing to dismiss the appeal upon his motion on the ground that the defendants, as a municipal corporation, could not enter an appeal by filing a pauper affidavit sworn to by its mayor.   The mayor was the executive officer of the corporation, and as such, it was competent for him to make and file the pauper affidavit in its behalf for the purpose of obtaining the appeal, and there was no error in the refusal of the court to dismiss it.

2.  The court charged the jury, amongst other things, "that the mayor of the city of Savannah could dismiss a policeman from the force only when he, the mayor, was sitting as the presiding officer of the police court.   That if he had tried Brown as such presiding officer, he had the power to dismiss him; but if he had tried him in his capacity as mayor only, his action was void and Brown never had been legally dismissed.   That even if he had discharged him while in the capacity of presiding officer of the police court, the jury could inquire into the cause of discharge, and if they found it insufficient, could give the plaintiff his wages. That they had heard the evidence, and must determine in what capacity the mayor was acting when he discharged plaintiff."

This charge of the court was error, in view of the evidence in the record and the law applicable thereto.   The mayor had no jurisdiction, under the law and ordinances of the city, to hear and determine the question of the discharge of the plaintiff as a policeman only in his judicial capacity as mayor (no matter in what capacity he may have considered himself to have been acting), and the court should have so instructed the jury, and not have left it to the jury to decide in what capacity the mayor was acting when he discharged the plaintiff as a policeman.   There is no doubt that the mayor of the city of Savannah, in his judicial capacity as such mayor, under the law and ordinances of the city, did have the power and authority to dismiss the plaintiff as a policeman, and there is just as little doubt that the plaintiff had the legal right to have appealed from the de-

cision of the mayor to the mayor and aldermen of the city in council assembled, which appeal, as appears from the evidence in the record, was refused by the mayor on the ground that no appeal lay from his decision. The plain remedy for the plaintiff was then to have applied for a *mandamus*, or *certiorari*, to correct that error of the mayor, and to have enforced his legal rights in the premises, but failing to have done so, the question arises whether the plaintiff is not now concluded by that judgment of the mayor dismissing him as policeman from recovering any wages as such subsequent to his discharge. This view of the question was excluded by the charge of the court, and a new trial must be awarded.

Let the judgment of the court below be reversed.