[No. 1989.   Decided September 30, 1896.]

THE STATE OF WASHINGTON, *on the Relation of John G. Niggle, Respondent*, v. WILLIAM W. KIRKWOOD, *Appellant*.

QUO WARRANTO — WHEN LIES — REMOVAL FROM CITY OFFICE — SUFFICIENCY OF CHARGES — REVIEW OF PROCEEDINGS.

Where a public officer of a city has been removed from office upon certain charges and findings made against him by the mayor, who has appointed a successor, the proper remedy for the officer removed is by an information in the nature of a *quo warranto*.

The removal by the mayor of a city of a police commissioner is warranted, when it is charged and proved that as such officer he attempted to interfere with the administration of the police department in the enforcement of the law against prostitution, by seeking to influence the chief of police to permit the occupation of certain premises for immoral purposes, which the mayor had ordered abated

as a nuisance, and had attempted to remove the chief of police upon failing to influence him, the commissioner being interested as owner in certain of the buildings so occupied for immoral purposes, from which the mayor had directed the objectionable occupants to be removed.

Although charges preferred against a public officer by the mayor of a city may be somewhat indefinite, objection thereto on that ground cannot be raised in the superior court, when the person removed from office had gone to trial on them before the mayor without objection and without any motion to make more specific and certain.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge.   Reversed.

*W. T. Scott*, and *Frank A. Steele*, for appellant.

The opinion of the court was delivered by

DUNBAR, J.—The respondent was removed from the office of police commissioner by the mayor of the city of Seattle, and appellant Kirkwood was appointed to fill the vacancy caused by the removal.   Subsequently the respondent, as relator, commenced an action by information in the nature of a *quo warranto* against the appellant to oust him from the office and reinstate himself.   The court refused to hear evidence to impeach the findings of the mayor, took the case from the jury, and found for the relator on the pleadings, upon the ground that the charges and findings were insufficient to support the removal of the relator.   The appellant answered the information, denied the intrusion and ouster, and alleged affirmatively the procedure by which the respondent was removed from office and the appointment of the appellant to fill the vacancy.

The first proposition argued by the appellant is that the court had no jurisdiction to determine the sufficiency of the charges or findings, or to inquire into

the materiality of the grounds for respondent's removal, upon information in the nature of a *quo
warranto*, because it is a collateral attack upon
the judgment of a tribunal invested by law with exclusive original jurisdiction to hear and determine
that particular matter.    The appellant admits that his
objection falls under the ban of the decision of this
court in *State, ex rel. Heilbron, v. Van Brocklin*, 8
Wash. 557 (36 Pac. 495), but vigorously attacks the
grounds of that decision.    We have re-examined that
case.    It was presented by able counsel and carefully
considered by the court, and without again entering
into a discussion of the questions involved, we are
satisfied with the decision therein rendered, and the
rule announced that the proper remedy of the relator
was by *quo warranto* instead of *certiorari*.

The second contention of appellant, however, viz.,
that the charges were sufficient to support the removal
of relator, we think must be sustained.    These charges
may have been somewhat indefinite, but no motion
was made to make them more definite or certain.    No
objection was made to them in any way.    The appellant went to trial upon the complaint as it was, and
the issues were found against him, and we think it is
too late for him now to raise the objection that the
complaint was indefinite or not specific.    We think
that there is sufficient in the charges preferred by the
mayor and the findings made to sustain the verdict.
It is charged that the relator was interested and part
owner in certain buildings which were occupied for
immoral purposes; that their only value arose from
such occupation; that under the direction of the mayor
of the city the police, in the enforcement of the law
against such immoral practices, were proceeding to
abate the nuisance by driving out these objectionable

occupants; that the relator from time to time attempted to interfere with and change the administration of the police department as to the aforesaid matter and sought to influence the chief of police to permit the occupation of these premises for these practices and to cease interference with the practices carried on there; that he attempted to remove the chief of police for the reason that he had been unable to influence the chief to permit such practices, and many other charges of like character. The complaint is too long for review at length, and, as we have before said, is somewhat discursive and indefinite; but we think sufficient can be gathered from the complaint to place the relator upon trial for acts which were inconsistent with the duties of a public officer. For this reason the judgment will be reversed and the cause remanded with instructions to proceed in accordance with this opinion.

HOYT, C. J., and SCOTT and GORDON, JJ., concur.