PETER J. JOYCE

*v.*

THE CITY OF CHICAGO *et al.*

*Opinion filed June 23, 1905—Rehearing denied October 11, 1905.*

1. CERTIORARI—*evidence aliunde the record cannot be heard.* On *certiorari* the only questions to be determined are whether the inferior tribunal had jurisdiction to act, and whether in acting it exceeded its jurisdiction or failed to proceed according to the essential requirements of the law, which questions must be determined on the face of the record filed as a return to the writ.

2. SAME—*issues of fact cannot be formed on certiorari.* On *certiorari* it is not permissible to form issues of fact or hear evidence relative to questions involved upon the trial of the original proceeding or heard upon that trial.

3. CIVIL SERVICE—*what not essential to removal for cause.* It is not essential to the removal of an officer of the classified service for cause that the offense for which he was removed was committed while the officer was acting strictly within the line of his duty.

4. SAME—*decision of commission that the offense was cause for removal is final.* If the civil service commission had jurisdiction to determine the charges against an officer and acted according to the forms of law applicable to the proceeding, its decision that the offense charged was cause for removal is final and is not subject to review on *certiorari.*

5. SAME—*charge need not be formulated in technical language of an indictment.* A charge preferred against an officer in the classified service should be in writing, in such form that he can clearly understand the ground assigned for his removal, but it need not be formulated in technical language similar to that of a declaration or indictment.

6. SAME—*objection to sufficiency of charge should be made on the trial.* Where an officer is represented by counsel at the trial of charges by the civil service commission, and no objection appears from the record, filed as a return to *certiorari,* that the charge was not sufficiently specific, the objection cannot be raised on appeal from the judgment entered in the *certiorari* proceeding.

7. SAME—*offense may be cause for removal though not so specified by the rules.* In order that an offense by an officer of the classified service may be cause for removal it is not necessary that the particular offense be specified as a cause for removal in the rules of the civil service commission.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

The plaintiff in error filed a petition in the circuit court of Cook county against Robert Lindblom, John W. Ela and Joseph O. Powell, composing the civil service commission of the city of Chicago, for a common law writ of *certiorari* to test the legality of his removal by said commission as lieutenant of police upon the police force of the city of Chicago. The writ was issued, and as a return thereto the defendants in error filed a certified copy of the record kept by them as such commission, showing the examination, promotion and appointment of plaintiff in error to the office of lieutenant of police of said city; that a charge in writing was filed in their office against him as such lieutenant of police by the general superintendent of police of said city, charging him with having made a false official report and with conduct unbecoming a police officer; that a time and place were fixed by the com-

mission for a hearing upon said charge; that the plaintiff in error was summonsed to appear for trial before said commission and was served with a copy of said charge; that he appeared before said commission in person and by attorney at the time and place fixed for his trial; that witnesses were sworn and examined, and upon due consideration the plaintiff in error was found guilty of the said charge and was removed from the office of lieutenant of police by said commission. Upon the return being filed the defendants in error moved the court to quash the writ, which motion was allowed and the writ quashed, and the judgment of the circuit court in quashing said writ having been affirmed by the Appellate Court for the First District, the record has been brought to this court by writ of error for further review.

A. D. GASH, and JAMES H. HOOPER, for plaintiff in error.

COLIN C. H. FYFFE, (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

It is first contended that the commission was without jurisdiction to try plaintiff in error. Section 12 of an act entitled "An act to regulate the civil service of cities," (Hurd's Stat. 1903, p. 379,) which is in force in the city of Chicago, provides for the trial and removal from office of officers in the classified civil service for cause, upon a written charge and after an opportunity to be heard in their defense has been given them. A charge in writing was filed against the plaintiff in error. He was notified of the time and place fixed for his trial, was served with a copy of the charge upon which he was to be tried, and appeared in person and by attorney before the commission and was fully heard in his own defense, and was convicted and removed from office. The commission was given jurisdiction of the subject matter by the statute and had jurisdiction of the plaintiff in error by

service of summons, and we fail to see wherein the commission was lacking in jurisdiction to hear and determine his case.

It is next contended that the circuit court erred in rejecting proper evidence offered upon behalf of plaintiff in error. The rule is well settled in this State that the purpose of the common law writ of *certiorari,* which writ issues in certain cases from a superior to an inferior court or tribunal when no method of reviewing the proceedings of such inferior court or tribunal is given by appeal or otherwise, is to bring before the court granting the writ the record of such inferior court or tribunal for inspection and review, and that the only questions which can be determined by that court are, did the inferior court or tribunal have jurisdiction to act, and in acting did it exceed its jurisdiction or fail to proceed according to the essential requirements of law, and that on the return of the writ being made by filing the record in court the trial is had on the record alone. It being inadmissible to form issues of fact or to hear or consider evidence relative to questions involved upon the trial of the original proceeding or heard upon that trial, (*Donahue* v. *County of Will,* 100 Ill. 94; *Blair* v. *Sennott,* 134 id. 78; *Smith* v. *Commissioners of Highways,* 150 id. 385; *Drainage Commissioners* v. *Volke,* 163 id. 243; *Scheiwe* v. *Holz,* 168 id. 432; *People* v: *Lindblom,* 182 id. 241;) the court did not err in declining to hear evidence *aliunde* the record and properly decided the case upon the face of the record filed as a return to the writ.

It is further contended that the offense with which the plaintiff in error was charged pertained to misconduct on his part while acting as a notary public and not to misconduct on his part while acting as a lieutenant of police, and that although he may be guilty of the charge it formed no proper basis for his discharge from office as a lieutenant of police by the commission. The charge is that the plaintiff in error, in connection with patrolman Tracy and sergeant Cramer, two other officers upon the police force in the city of Chicago,

rendered a false and fraudulent "Messenger's expense account" to the Secretary of State for the return of Joseph Larkin, a fugitive from justice, from Cleveland, Ohio, to the city of Chicago, whereby they obtained from the State $48.80 in excess of the amount allowed by law for such service. Said section 12 of the City Civil Service act provides that an officer in the classified civil service shall not be removed except for cause. The commission held the obtaining of said fund unlawfully from the State was cause for the removal of the plaintiff in error as a lieutenant of police. We are of the opinion they were right in so holding, and do not agree with the contention that no cause is sufficient for the removal of an officer in the classified civil service unless the offense is committed while the officer is acting strictly within the line of his duty as an officer. It would hardly be urged that a construction of the statute would be justified which would require the commission to retain a murderer or burglar in the classified civil service simply because he was off duty at the time the murder or burglary was committed and was not acting in the line of his duty at the time he committed one or both of said crimes.

But if the contention of plaintiff in error were conceded to be correct, still the removal of the plaintiff in error cannot be set aside in this proceeding. If the commission had jurisdiction to hear and determine plaintiff in error's case, the circuit court in this proceeding was powerless to review its order removing the plaintiff in error as a lieutenant of police on the ground that the commission wrongfully removed him from office. In *People* v. *Lindblom, supra,* it was held the correctness of the ruling of a civil service commission that one person is entitled to a certificate in preference to another cannot be raised on *certiorari,* even on the ground that the statute on which such ruling is based is unconstitutional, and that the inquiry in such case is limited to determining whether the commission had jurisdiction and proceeded according to law. It is clear here the commission had jurisdiction and

that it proceeded according to the forms of law applicable in such case. In that case, on page 244, the court said: "The petitioner seems to be laboring under another misconception in regard to his rights and the power of the court in a proceeding of this character. The inferior tribunal, where the record is brought before the court by writ of *certiorari*, may have erred in its rulings on questions of law during the progress of the trial or it may have erred in the application of the law to the facts in reaching its final judgment, and yet those errors cannot be reviewed and corrected in a proceeding of this character. On a return to a writ bringing the record before the court the only proper inquiry is whether the inferior tribunal had jurisdiction and proceeded legally, —*i. e.,* followed the form of proceedings legally applicable in such cases,—and not whether it correctly decided the questions arising upon the admission or exclusion of evidence, the giving and refusing of instructions, and other like questions, during the progress of the trial. The rulings of a court may be erroneous and yet it may have jurisdiction and proceed legally."

It is also urged that the charge filed with the commission by the general superintendent of police is not sufficiently specific. This proceeding is not a common law or criminal proceeding, but an investigation. While the plaintiff in error had the right to have the charge preferred against him reduced to writing and in such form that he could clearly understand the ground assigned for his removal, it was not necessary that the charge should be formulated in technical language similar to that of a declaration or indictment. In *State* v. *Common Council of the City of Superior,* 90 Wis. 612, charges were filed with the common council against the mayor of the city for extorting sums of money from policemen and firemen for political purposes. After a hearing upon the charges the common council removed the mayor from office. Under the Wisconsin statute the mayor could not be so removed "without cause, nor unless charges are

preferred against him and an opportunity given him to be heard in his own defense." The court, on page 622, said: "This was not a common law trial, but an investigation. While the mayor had a right to insist that he have a fair hearing and that the substance of the rules governing trials at law should be preserved, he cannot require that the same precision and formality be observed which are required in criminal trials at law. These principles govern the charges made as well as the procedure. The charge does not need to be drawn with the accuracy of an indictment. It is sufficient if the accused be furnished with the substance of the charge against him." Upon the trial the plaintiff in error was represented by counsel, and no objections, as appears from the record filed as a return, were made to the written charge, for indefiniteness or otherwise, and it is too late now for him to raise the objection that the complaint was not sufficiently specific. In *State* v. *Kirkwood,* 15 Wash. 298, the relator was removed from the office of police commissioner of the city of Seattle by the mayor upon charges, and Kirkwood was appointed in his place. The relator brought suit in the form of an information in the nature of a *quo warranto* to oust Kirkwood. The court held that in a *quo warranto* proceeding it could examine the sufficiency of the charges, and said (p. 300) : "The second contention of appellant, however, viz., that the charges were sufficient to support the removal of relator, we think must be sustained. These charges may have been somewhat indefinite, but no motion was made to make them more definite or certain. No objection was made to them in any way. The appellant went to trial upon the complaint as it was and the issues were found against him, and we think it is too late for him now to raise the objection that the complaint was indefinite and not specific. * * * The complaint * * * is somewhat discursive and indefinite, but we think sufficient can be gathered from the complaint to place the relator upon trial for acts which were inconsistent with the duties of a public officer."

It is finally contended that the plaintiff in error could not be tried by the commission and removed from office for the offense with which he was charged, as it is said the commission had passed no rule or rules, under sections 4 and 5 of the City Civil Service act, making the offense with which he was charged a ground of removal. Section 4 provides the commission shall make rules to carry out the purposes of said act and for examinations, appointments and removals in accordance with its provisions, and section 5 provides for the publication of such rules and when they shall take effect. We do not understand the rules in section 4 with reference to removals refer to the grounds upon which removals by the commission may be based. The grounds of removal are found in section 12 of said act, where it is provided that removals "for cause," upon written charges after an opportunity be given to the accused to be heard, may be made by the commission. It would, we think, in a city like Chicago, where the classified civil service embraces many hundreds of persons, greatly hamper the commission in the administration of the City Civil Service act to require it, in advance, to specify in written rules every case which should be deemed cause for removal, and the statute should not be held to require it so to do unless such requirement is plain. The charge filed in this case, if true, shows conduct of the plaintiff in error "unbecoming a police officer" and which clearly rendered him unfit to act as a lieutenant of police in the city of Chicago, and was cause for and justified his removal from such office by the commission.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*