### Emil Feldman v. City of Chicago.

#### Gen. No. 12,202.

1. CIVIL SERVICE—*when dismissal of city employee proper.* Where the charges were "of a substantial shortcoming," and were of such a character, if true, as to render the continuance of such an employee detrimental to discipline, a dismissal predicated upon the finding of guilty is proper.

2. CIVIL SERVICE COMMISSION—*to what extent finding of, cannot be reviewed by the courts.* Where the commission had jurisdiction and proceeded according to law, it is not within the power of the courts to

review the evidence and determine the correctness of the judgment upon the merits.

*Certiorari* proceeding.   Error to the Superior Court of Cook County; the Hon. Arthur H. Chetlain, Judge, presiding.  Heard in this court at the March term, 1905.  Affirmed.  Opinion filed April 19, 1906.

A. D. Gash and James H. Hooper, for plaintiff in error.

Cecil Page, for defendants in error;  Edgar Bronson Tolman, Corporation Counsel, of counsel.

Mr. Justice Brown delivered the opinion of the court.

The plaintiff in error in this case complains of a judgment of the Superior Court quashing a writ of *certiorari* before issued by it to the Civil Service Commission of Chicago.

The return of the writ showed that on October 5, 1903, charges were filed before said commission against the plaintiff in error, as follows:

" Charges.   Attempting to bribe an employe of the City Attorney's office, one John C. Collins, investigator.

Specifications.   In the case of Mrs. Arrant versus the City of Chicago he is charged with offering the investigator money to influence the report of said investigator to the City Attorney."

That on October 31, 1903, the following supplemental charges were filed before the commission against the plaintiff in error:

" Charges.   Said Emil Feldman is charged with conduct unbecoming a city employe.

Specifications.   First, that said Feldman improperly attempted to influence the City Attorney of the City of Chicago in settling a damage suit of Mrs. Arrant against the City of Chicago.

Second, that said Emil Feldman improperly attempted to influence employes of the City Attorney's office of the City of Chicago to settle the damage suit of said Mrs. Arrant.

Third, in that said Emil Feldman grossly misrepresented

the condition and injuries of said Mrs. Arrant, for which she claims damages from the City of Chicago."

That the plaintiff in error appeared before the commission on October 13, 1905, and acknowledged having received a copy of the original charges, and stated that he was ready to proceed to trial, and that several witnesses and the plaintiff in error were heard and the commission took the case under advisement; that November 9, 1903, the plaintiff in error appeared in person before the commission and acknowledged receipt of a copy of the supplemental charges and stated that he was ready to proceed with the hearing; that several witnesses were heard and the case was taken under advisement by the commission; that November 13, 1903, the commission, after reciting the hearing and taking under advisement of both the original and supplemental charges made a finding; that after carefully considering the evidence, it found that Emil Feldman was guilty as charged in the supplemental charges, and decided that he be discharged from the department of the city clerk and from the service of the city of Chicago by the city clerk, and duly certified the findings to the city clerk.

The commission also appended to its return what apparently purports to be the evidence heard before it, which, however, we do not regard as necessary to the return or to our decision in this appeal, and have not considered.

On this return the court below dismissed the petition and quashed the writ, to reverse which judgment the plaintiff in error brings this writ of error.

This case falls, we think, fairly under the rule announced by this court in the case of Joyce v. Chicago, 120 Ill. App. 398, which has since been affirmed in the Supreme Court on a further appeal in the same case.   Joyce v. City, 216 Ill. 466.

The supplemental charges on which the plaintiff in error in this case was found guilty by the commission, with the specifications, sufficiently stated a cause, which was "a substantial shortcoming, rendering his continuance in the employment of the city detrimental to the dicipline of the

service;" and they apprised him with reasonable certainty of the accusations against him, so that he had a fair chance to defend himself. He did not ask for more specific allegations, but defended himself on the merits against the charges. With his guilt or innocence we have nothing to do. The commission had jurisdiction to hear and determine the case, and proceeded according to law, and that disposed of the matter so far as the powers of the Superior Court and of this court go. Joyce v. City, 216 Ill. 466, 470.

We have no doubt of the right of the Superior Court to issue a writ of *certiorari* to the Civil Service Commission in proper cases, and as little doubt that its power was properly exercised in quashing this writ on the return.

The judgment of the Superior Court is affirmed.

*Affirmed.*