# People of the State of Illinois, ex rel. Jacob Horwich, v. Joseph Powell et al.

## Gen. No. 12,590.

1. CERTIORARI—*power of Circuit and Superior Courts to issue common law writ of.* Circuit Courts of this state and the Superior Court of Cook County have jurisdiction to award the common law writ of *certiorari* to all inferior tribunals in this state exercising judicial or *quasi*-judicial powers, where such tribunals have exceeded the limit of their jurisdiction or when they have proceeded illegally and no appeal is allowed or other method provided by law for reversing their proceedings.

2. CIVIL SERVICE COMMISSION—*when jurisdiction of, cannot be questioned.* The jurisdiction of the civil service commission to remove a patrolman cannot be raised for the first time on appeal.

3. CIVIL SERVICE COMMISSION—*when failure to notify of trial cannot be urged.* A patrolman who has been removed by the civil service commission cannot upon review complain that he received no notice of his trial where he personally appeared before such tribunal and announced his readiness to proceed therewith.

4. CIVIL SERVICE COMMISSION—*power of, to change personnel of trial board.* The civil service commission has authority at its discretion to change or vary the members of the trial board.

5. CIVIL SERVICE COMMISSION—*wherein proceedings of, will not be reviewed upon certiorari.* With the propriety or impropriety of the commission's actions in failing to award a new trial upon alleged newly discovered evidence, the courts have no concern. Neither have they any corrective power with respect to the exercise of a discretion by such commission.

6. CIVIL SERVICE COMMISSION—*what ground for removal of patrolman by.* The solicitation and acceptance of a bribe is sufficient ground for the removal of a patrolman from the classified service.

*Certiorari* proceeding. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed July 2, 1906.

DAWSON & ALLEN, for appellant.

JOHN W. BECKWITH, Assistant Corporation Counsel, for appellees; JAMES HAMILTON LEWIS, Corporation Counsel, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court. Relator, Jacob Horwich, filed a petition in the Superior

Court of Cook County against Joseph Powell and others constituting the Civil Service Commission of the city of Chicago, for the common law writ of *certiorari*, to review the action of said commission in removing said Horwich as a patrolman from the police force of the city of Chicago. The writ was issued, and the commission as a return thereto filed a copy of its record in the case, which showed that charges were filed against Horwich as a patrolman; that upon a trial upon such charges before the police trial board he was found guilty; that the action of the police trial board was approved by the Civil Service Commission, whereupon Horwich was removed from the police force.

Upon a hearing the Superior Court quashed the writ of *certiorari*, dismissed the petition and entered judgment for costs against relator, to reverse which action of the Superior Court this appeal is prosecuted.

The record discloses that Horwich was charged in writing with "conduct unbecoming a police officer, in violation of Rule 67 of the Book of Rules and Regulations." Specifications attached to said charge are as follows:

" In the latter part of July Officer Jake Horwich came to me and told me that he had a warrant for me for receiving stolen property. He claimed that I had received some Garland stoves. I asked him to see the warrant, and he told me that he would be back in the evening. He told me I could square it for a little money. I told him to search the place. He kept the warrant for a week. He said if I would give him one hundred dollars he could fix it up all right. I told him that I did not have one hundred dollars, but told him that he could search the place. Then he said they were Acorn stoves, and I told him we did not handle that kind of stoves. He came the third day and wanted me to give him one hundred dollars. I told him I was innocent. He said, ' It will cost you three or four times that much, and you will probably go to the penitentiary.' He sent a lawyer by the name of Jennessi, who told my husband he would settle for fifty dollars. The lawyer took my husband into a saloon next door, and my husband gave the lawyer five dollars for advice what to do in the matter. The lawyer said the best thing he could do was to give Officer Horwich fifty dollars. My husband

said he would not do it. In a week and a half he had my husband arrested. My husband was held to the Criminal Court and indicted by the grand jury and found guilty. While my husband was waiting his sentence the man who works for me heard a noise one night, and he got up and looked out of the window, and the next door he saw some stoves, taken out of the basement. I went down to the station and got out a warrant and searched the place next door, and found the stoves in question. I told State's Attorney Deneen my story, and he allowed my husband to be released.

(Signed)     SARAH KESSELL."

The charge and specifications were served upon Horwich, with the names and addresses of the witnesses, on January 13, 1905. He was tried on said charges before the police trial board on February 11, 1903.

The Circuit Courts of this state and the Superior Court of Cook County have jurisdiction to award the common law writ of *certiorari* to all inferior tribunals in this state exercising judicial or *quasi*-judicial powers, where such tribunals have exceeded the limit of their jurisdiction or when they have proceeded illegally and no appeal is allowed or other method provided by law for reversing their proceedings. Powell v. Bullis, 221 Ill. 379. The Civil Service Commission of the city of Chicago is a body vested with *quasi*-judicial powers from whose orders and findings no appeal is provided by law, nor is there any other method provided by law for reviewing its proceedings. The Superior Court therefore had jurisdiction to issue the writ of *certiorari* in this case.

Four assignments of error are made upon this record, which in effect raise but two questions for determination: first, did the commission have jurisdiction of Horwich at the time of his trial and the power to remove him from the police force upon the charges preferred against him? and, second, did the Superior Court commit error in not reviewing the evidence taken before the commission upon which Horwich was found guilty and dismissed?

The record shows conclusively that the proceeding before the commission was in substantial conformity to section 12

of an Act entitled "An Act to Regulate the Civil Service of Cities" (Hurd's Statutes 1903, p. 379), said Act being in force in the city of Chicago. The Act provides for the trial and removal from office of officers in the classified civil service for cause, upon written charges, after an opportunity has been given them to be heard in their defense. Horwich, as a police patrolman of the city of Chicago, was an officer in the classified civil service. A charge in writing was filed against him which, with its specifications, was served upon him thirty days before the day of the trial. He appeared at the trial in person and was heard in his own defense, and in this regard all the requirements of the statute were fulfilled. He made no protest or objection to the jurisdiction of the trial board either before that board or to the commission. The jurisdictional question cannot be raised on this appeal for the first time.

Appellant is estopped from now raising the question of notice to him of the trial, as the record affirmatively shows that he not only personally appeared at the time of the trial, but proclaimed his readiness to proceed with his defense. It appears from the record that before entering upon the trial the following questions were asked and answered by Horwich:

"Q. (To Officer Horwich): Officer, did you receive a copy of the charges? A. Yes, sir.

Q. Guilty or not guilty? A. Not guilty.

Q. Ready for trial? A. Yes, sir."

The commission having power to create the trial board had, by necessary implication, authority to change or vary its members at its discretion. However, if there was room for any doubt as to the legality of the appointment of the persons constituting the trial board, the ratification of the action of the board by the commission in approving and adopting its report and findings was a sufficient corrective. Joyce v. City of Chicago, 216 Ill. 466; State v. Kirkwood, 15 Wash. 298.

As said in Joyce v. City of Chicago, *supra*, at page 469: "The rule is well settled in this state that the purpose of

the common law writ of *certiorari*   *   *   *   is to bring before the court granting the writ the record of such inferior court or tribunal for inspection and review, and that the only questions which can be determined by that court are, did the inferior court or tribunal have jurisdiction to act, and in acting did it exceed its jurisdiction or fail to proceed according to the essential requirements of law, and that on the return of the writ being made by filing the record in court the trial is had on the record alone. It being inadmissible to form issues of fact or to hear or consider evidence relative to questions involved upon the trial of the original proceeding or heard upon that trial   *   *   *   the court did not err in declining to hear evidence *aliunde* the record and properly decided the case upon the face of the record filed as a return to the writ."

All the material questions of law presented by the record here are so conclusively decided contrary to the contentions of appellant, in the cases of Joyce v. City of Chicago, *supra*, and Heaney v. City of Chicago, 117 Ill. App. 405, in both of which a full discussion of the legal principles here involved may be found, with ample citation of supporting authority, as to make a further discussion of these principles or citation of other authorities here unnecessary.

With the propriety or not of the commission's actions in failing to award appellant a new trial on alleged newly discovered evidence, we have no concern. Neither have we any corrective power over the exercise of that discretion reposed by law in the commission as a *quasi*-judicial body. Its actions and findings where jurisdiction is obtained and clearly appears upon the return made to the writ, is conclusive and binding upon all parties concerned.

If we had jurisdiction to review the action of the commission, which, in the circumstances apparent from this record, we have not, we are unable to discover any force or merit in the claim that appellant, being charged in the specification with having *solicited a bribe*, and found guilty of having in fact gone further and *received a bribe*, is not

guilty of the specific charge under which he was tried. In the ordinary course of events the receipt of a bribe is usually preceded by its solicitation on the part of the bribed, and surely it cannot be gainsaid that the acceptance of a bribe by a police officer with the intent and purpose of having the same affect his official conduct in favor of one charged with crime, is equally as heinous as the offense of having solicited a bribe and as plainly within the letter and spirit of the charge of "conduct unbecoming an officer."

A police officer proven guilty of having accepted a bribe to influence his conduct in refraining from causing a person charged with an infraction of the criminal laws of the state to be prosecuted in the courts and punished for such criminal offense, evidences such a lack of fidelity to that duty imposed upon him by law and good morals as to be unworthy of retention in his position, and ought to be, as Horwich was, discharged from the service of the municipality whose trust he has betrayed.

The judgment of the Superior Court is affirmed.

*Affirmed.*