JOHN J. SULLIVAN, Plaintiff in Error, *vs.* ELTON LOWER *et al.* Defendants in Error.

*Opinion filed April 23, 1908.*

1. CIVIL SERVICE—*the sufficiency of charges must be questioned before the commission.* One who fails to question the sufficiency of the charges against him when the same are being heard by the civil service commission cannot raise such objection in the courts in a *certiorari* proceeding.

2. SAME—*commission's errors of law or fact are not open to review on certiorari.* If the civil service commission has acted within its jurisdiction in hearing charges against an officer and the evidence heard by it tends to sustain the charges, the questions whether the commission erred in its rulings as to the law or in its application of the law to the facts are not open to review by the courts on *certiorari.*

3. SAME—*when order of discharge is properly certified to the board of local improvements.* An order by the civil service commission discharging from the service of the city a sidewalk inspector who had been acting as such under the board of local improvements is properly certified to the board of local improvements instead of to the commissioner of public works.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. O. BROWN, Judge, presiding.

ELIJAH N. ZOLINE, for plaintiff in error.

CLYDE L. DAY, and GEORGE W. MILLER, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error, after having passed the examination, was appointed sidewalk inspector in the city of Chicago, in pursuance of the Civil Service act, January 11, 1898. October 1, 1903, he was notified by the civil service commission that charges had been filed against him by the president of

the board of local improvements and that a hearing on said charges would be held on October 9, at 2:30 o'clock P. M. A copy of the charges and specifications was served upon him at the same time. On the third day of October he was notified by the commission that on account of October 9 being a holiday the date for the hearing had been postponed to October 12. On the ninth of October the commission notified plaintiff in error that the president of the board of local improvements had filed additional charges against him, and at the same time he was served with a copy of said additional charges and specifications. On the twelfth of October plaintiff in error appeared with counsel before the civil service commission and asked for a postponement of the hearing. By agreement of the parties the hearing was postponed to October 20. On that day plaintiff in error appeared before the commission with counsel and witnesses and announced himself ready for trial. Evidence was heard in support of the charges, and plaintiff in error and other witnesses called by him testified to disprove said charges. He was found guilty, and was ordered by the commission to be discharged by the board of local improvements from the position of sidewalk inspector and from the service of the city of Chicago. A copy of this order was on October 21 transmitted by the civil service commission to the president of the board of local improvements, and in pursuance of said order plaintiff in error was discharged by the board of local improvements and the civil service commission notified of the discharge under date of November 3. On the 15th of April, 1904, plaintiff in error filed a petition in the circuit court of Cook county for a writ of *certiorari* to review the decision of the civil service commission ordering his discharge. A general demurrer to the petition was overruled, and afterwards a return was filed by the civil service commissioners in obedience to the said writ. Subsequently an amended return was filed. Upon the hearing the circuit court rendered judgment quashing the writ and against the

plaintiff in error for costs. That judgment was affirmed by the Appellate Court, and the case is brought here upon a writ of error sued out to review the judgment of that court.

It is contended by plaintiff in error, first, that the specifications were not sufficient to support any action upon them against him; second, that the evidence heard by the civil service commission, a copy of which is embraced in the return to the writ, did not make a case that would justify plaintiff in error's discharge; third, that the decision or order of the civil service commission did not follow the statute, and is void.

With reference to the first proposition, it does not appear from the record that plaintiff in error made any such objection before the civil service commission or in any manner questioned the sufficiency of the charges and specifications, and he cannot now be heard to do so. (*Joyce* v. *City of Chicago,* 216 Ill. 466.) Furthermore, a statement of the charges and specifications conclusively shows that if they were true plaintiff in error's discharge was not only justified but required for the public good. The first charge preferred against him was that he was guilty of conduct tending to bring the sidewalk department and the board of local improvements into disrepute. The specifications under this charge are, that "the said J. J. Sullivan used his position as sidewalk inspector to further his own interests or the interests of certain contractors, by notifying property owners that their sidewalks had been condemned and that it was necessary for them to construct new sidewalks, and immediately thereafter forwarded the same property owners, on behalf of private contractors, a proposition purporting to come from such private contractors but in reality made out and mailed by said Sullivan, to build their walks by private contract." The second charge was that plaintiff in error was guilty of dereliction of duty, and the specifications under this charge are: "The said J. J. Sullivan, while in the employ of and upon the pay-roll of the city of Chicago, and

while supposedly devoting all of his time and attention between the hours of 8:30 o'clock A. M. and 5 o'clock P. M. to the performance of his duty as sidewalk inspector, was regularly employed and did work for private persons and corporations, to-wit, the Cook County Bottlers' Protective Association, thereby neglecting his official duties as an employee of the city." Plaintiff in error was notified of the time and place of the hearing and was given copies of the charges and specifications preferred against him. He appeared before the commission with counsel, made no objection to the hearing proceeding, and was permitted in his defense to introduce all the evidence offered by him. The civil service commission had jurisdiction of plaintiff in error and of the subject matter, and in all steps taken by said commission up to the hearing it was acting within its jurisdiction. The evidence heard by the commission unquestionably tended to show the guilt of plaintiff in error of the charges preferred against him. Whether the civil service commission, acting within its jurisdiction, erred in its rulings as to the law or in its application of the law to the facts is not open to review in this proceeding. *People* v. *Lindblom,* 182 Ill. 241; *Joyce case, supra; Kammann* v. *City of Chicago,* 222 Ill. 63; *City of Chicago* v. *People,* 210 id. 84.

Plaintiff in error was transferred from the street department to the board of local improvements in June, 1901. The order made by the civil service commission and certified to the board of local improvements was that plaintiff in error be discharged by the board of local improvements from his position as sidewalk inspector and from the service of the city of Chicago. It is contended this order should have been certified to the commissioner of public works instead of the board of local improvements, and that the failure to so certify it renders it void. Section 12 of the act to regulate the civil service of cities requires the finding and decision of the commission to be "certified to the appointing officer and shall be forthwith enforced by said officer."

It is insisted that the board of local improvements is not a department of the city of Chicago but belongs to the department of public works and is under control of the commissioner of that department, and *People* v. *Kipley,* 171 Ill. 44, is relied upon to support that contention. In that case it was held that the departments of the municipal government of the city of Chicago at the time the Civil Service act was adopted were those mentioned in the ordinances of said city in force at that time. The subject of the litigation in the *Kipley case* originated prior to the adoption of the Local Improvement act. Section 6 of that act provides that in cities having a population of more than 100,000 "there is hereby created a board of local improvements, consisting of the superintendent of special assessments and four other members," said four members to be nominated by the mayor and confirmed by the council. The board is required to elect from its members its president, vice-president and an assistant secretary. The act makes the superintendent of assessments *ex officio* secretary of the board. Authority is given the board to appoint an attorney who shall have control of all legal matters pertaining to the board of local improvements, and also to appoint engineers, clerks, inspectors, etc., necessary to carry into effect the purposes of the act. Plaintiff in error had served as inspector under the board of local improvements from June, 1901, until his discharge, in October, 1903. In the discharge of his duties he was under the direction and control of the board of local improvements and not the commissioner of public works, and said board had authority, and it was its province, to discharge him upon receipt of the decision and order of the civil service commission.

The Appellate Court therefore properly affirmed the judgment of the circuit court quashing the writ, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*