Quinn v. City of Chicago, 178 Ill. App. 115.

## William E. Quinn, Appellee, v. City of Chicago, Appellant.

### Gen. No. 17,922.

1. CIVIL SERVICE—*mandamus*. On a petition for mandamus to replace petitioner as superintendent of sewers of a city, alleging that its civil service commission on a hearing of charges against him had found them sustained by the evidence, the justice or injustice of such finding is not subject to review, nor errors in its decisions of fact or rulings of law, and the only question is whether the commission had jurisdiction and whether it followed the form of proceedings legally applicable in such cases.

2. CIVIL SERVICE—*action of board final*. The action of a civil service commission of a city, based on the finding of the board after a trial held in the manner pointed out by statute, and upon evidence taken tending to show the guilt of the person charged, is final and not reviewable by the courts.

3. PLEADING—*conclusions not admitted on demurrer*. Allegations containing merely the conclusions of a petitioner are not admitted by a demurrer and should be construed most strongly against the petitioner.

Appeal from the Circuit Court of Cook county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed March 6, 1913.

WILLIAM H. SEXTON, for appellant; S. CRAWFORD ROSS, of counsel.

A. D. GASH, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

William E. Quinn filed his petition in the Circuit Court, alleging certain things touching proceedings of the Civil Service Commission resulting in an order removing him from the position of Superintendent of Sewers and from the service of the City of Chicago. The petition prayed that a writ of mandamus issue,

commanding the City to place petitioner's name upon the roster of employes and upon the pay roll as Superintendent of Sewers. To this petition defendant filed a general demurrer. Upon hearing the court overruled the demurrer, and defendant electing to stand by the same, judgment was entered and the writ of mandamus ordered to issue. The defendant has appealed to this court seeking a reversal of the judgment. The allegations of the petition material to the particular point hereinafter considered are that the petitioner was duly appointed to the office of Superintendent of Sewers, and entered upon and continued in the duties of said office and never violated any of the rules touching the same; that certain charges of neglect of duty were preferred against him with the Civil Service Commission; that petitioner was duly notified of said charges, and that a hearing of the same was held, at which witnesses were sworn and their testimony heard by the Commission, the petitioner being present and also there represented by his attorney; that thereafter the Commission made a finding that the charges had been sustained by the evidence. The petition further alleges that there was no evidence introduced on the trial of said cause showing any intentional wrongdoing or neglect, or any guilt whatever in connection with the aforesaid charges; that no evidence whatever was introduced to sustain said charges, and that none of the evidence introduced in said hearing had any bearing whatever upon the charges against the petitioner; that the Commission unjustly discharged petitioner for the sole purpose of making it possible that the office or position of Superintendent of Sewers might be done away with; that the order was illegal and void and of no force and effect whatever, and that the action of the Civil Service Commission was wholly unauthorized.

Several points are presented by appellant as ground for a reversal, but we shall refer to one only. The demurrer should have been sustained, for the reason

that the justice or injustice of the findings of the Civil Commission is not the subject of review.

In Heaney v. City of Chicago, 117 Ill. App. 405, the court said, speaking through Mr. Justice Brown (p. 409):

"We have nothing to do in this case with the justice of the finding which the Civil Service Commission made against the plaintiff in error, nor whether it erred in its decision on the facts, or even whether it erred in its rulings of law, if it made any, during the progress of the hearing which it gave him, or in its application of the law to the facts; nor had the Superior Court. As the Supreme Court said in The People v. Lindblom, 182 Ill. 241, the only questions open in the Superior Court were whether the Civil Service Commission had jurisdiction, and whether it followed the form of proceedings legally applicable in such cases."

In City of Chicago v. People, 210 Ill. 84, the court said (p. 92):

"After a trial is held in the manner pointed out by the statute before the proper board and evidence is taken tending to show the guilt of the person charged, we are of the opinion that the action of the civil service commission, based on the finding of the board, is final and not reviewable by the courts."

This has been held so repeatedly as to require no further discussion. See Feldman v. City of Chicago, 126 Ill. App. 186; People v. City of Chicago, 142 Ill. App. 103; Joyce v. City of Chicago, 216 Ill. 466; People v. Powell, 127 Ill. App. 614; City of Aurora v. Schoeberlein, 230 Ill. 496; People v. City of Chicago, 234 Ill. 416; Sullivan v. Lower, 234 Ill. 21.

We do not understand that counsel for appellee claims the rule to be otherwise, but it is argued that the general demurrer admits the allegations of the petition—namely, that there was no evidence introduced on the trial of said cause showing any intentional wrongdoing or neglect, or any guilt whatever in connection with the charges, and that none of the

evidence introduced in said hearing had any bearing whatever upon the charges against appellee; and admits generally that the Commission without right unjustly discharged appellee for the sole purpose of making it possible that the office of Superintendent of Sewers might be done away with, and that the duties of said office might be combined with the duties of some other office. These allegations contained merely the conclusions of petitioner, which conclusions are not admitted by filing a demurrer. Construing the allegations most strongly against the petitioner, as we must do, it is apparent that these allegations merely go to the weight of the evidence before the Commission, and to the correctness of the conclusion drawn from the evidence by the Commission. The petition alleges the hearing of testimony by the Commission, and the conclusion of the Commission as to its sufficiency to sustain the charges cannot be reviewed. It is equally clear that an allegation that the conclusion of the Commission as to the sufficiency of the evidence before it was influenced by some ulterior motive cannot be considered in this court, for the reason that this would involve an inquiry into the probative effect of the evidence adduced, of which effect the Commission must be the sole judge.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*