## Crofut v. City of Philadelphia et al.

*Cities of the first class—Civil Service Commission—Trial of policeman—Mandamus—Act of June 25, 1919.*

1. Under art. xix, § 18, of the Act of June 25, 1919, P. L. 581, relating to the government of cities of the first class, the decision of the Civil Service Commission, sitting as a trial court, upon charges against a fireman or policeman is final, and its findings cannot be inquired into by the court, unless the commission acted without taking any evidence whatever.

2. The commission is not bound by the technical rules of the law of evidence.

3. If any evidence was taken before the commission, the findings are not open to the objection that they are "not supported by any evidence whatsoever," or are based upon hearsay.

4. A writ of mandamus does not lie to review the proceedings before the commission, as that writ lies only to compel the performance of ministerial duties.

5. *Semble.* If no evidence whatever was taken before the commission, its findings might possibly be reviewed by *certiorari.*

Motion to quash alternative writ of mandamus. C. P. No. 2, Phila. Co., Dec. T., 1921, No. 9496.

*John S. Oberly,* for plaintiff.

*David J. Smyth,* City Solicitor, and *Alex. M. De Haven,* Assistant City Solicitor, for defendants.

GORDON, J., Dec. 21, 1922.—This matter is before the court on a motion to quash an alternative writ of mandamus brought by the plaintiff against the City of Philadelphia, the Mayor of the City, the Director of Public Safety and the Civil Service Commissioners. The writ is brought to compel the reinstatement of the petitioner to his position as Drill Master of the Police Department, in the City of Philadelphia, ranking as lieutenant therein.

The petition for the writ shows that on or about Aug. 30, 1921, the Director of Public Safety suspended the petitioner from duty, and thereafter charges were preferred against him in due form of law, before the Civil Service Commission of the City, by the Director of the Department of Public Safety. The Civil Service Commission fixed a date for trial of the charges, the petitioner attended the trial, represented by counsel, and testimony was taken. Subsequently, the Civil Service Commission found the petitioner guilty of the charges, directed his dismissal from the service, and he was accordingly dismissed by the Director.

On Feb. 23, 1922, the petition for the alternative writ of mandamus was filed in this case. On March 3, 1922, the defendants filed their answer, which the petitioner traversed on May 13, 1922. On June 7, 1922, a motion to supersede or quash the alternative writ of mandamus was filed, and, after argument, the motion was granted on June 26, 1922. The decision was rendered by the Hon. Joseph P. Rogers, who has since died, and inasmuch as an appeal has been taken to the Supreme Court, the writer has been assigned the duty of preparing this opinion in support of the decision, which is concurred in by the other members of the court, and reflects their opinions in the matter.

The motion to quash the alternative writ of mandamus was filed after answer and traverse, but it does not appear that any objection was made to the motion at this stage of the proceeding, and it is assumed that the consideration of the motion was assented to by both sides. The petition shows that all the requirements of procedure provided in art. xix, § 18, of the Act of June 25, 1919, P. L. 581, relating to the discharge of police officers, were followed in the filing of charges against the petitioner, his trial thereunder,

and his subsequent discharge by the Director of Public Safety. The writ is sought upon the allegation that the evidence taken before the Civil Service Commission in support of the charges was largely hearsay, and, as a whole, was insufficient to sustain them.

It is well settled that the Common Pleas Court will not review in mandamus proceedings the exercise of discretionary powers vested in the Civil Service Commission to try issues arising out of charges against policemen and firemen. The evidence taken at the trial is not before us, and even if it were, we could not interfere with the findings of the commission under it. Though we might have decided otherwise after hearing the evidence presented, we cannot substitute our judgment for that of the trial court established by the act or in any way interfere with or reverse its findings. The Act of June 25, 1919, P. L. 581, gives no appeal from the action of the Civil Service Commission. Its findings are final and conclusive and we are bound to accept them: McCoach *v.* Philadelphia, 273 Pa. 317; Com. ex rel. *v.* Philadelphia et al., 273 Pa. 332.

In the latter of these cases the Supreme Court, speaking through Mr. Justice Sadler, said: "The legislature has seen fit to vest the exclusive decision as to dismissal of the classified employee—other than police or firemen—in the head of the department; the power to determine the merits of the charges specified is lodged in him, and, in the present case, the action taken cannot be properly criticised. 'All that the appellee had the right to under this section is that the cause assigned shall be a just one, not religious or political, and the reasons given in this case are ample, if true, to justify the (dismissal). Neither the court below nor this court is charged with an inquiry into the truth or falsity of the cause alleged.'"

In each of these cases the determination of the truth or falsity of the charges was vested by the City Charter in the head of the department in question. In the case now before us, the petitioner being a policeman, the determination of this matter is vested in the Civil Service Commission, sitting as a trial court. The principle, however, is the same, and it follows that we cannot inquire into the correctness of the findings of the Civil Service Commission. There is no allegation of fraud in the conduct of the Civil Service Commission into which we might have the power to inquire, and the petition discloses no irregularity in the proceedings before the commission. While it is averred in the petition that the charges were "not supported by any evidence whatsoever," it is apparent from the whole petition that this is not to be understood to mean that no testimony whatsoever was taken. Testimony was taken, for it is also averred in the petition, in various forms, that "most of the testimony . . . was hearsay." The allegation that the charges were not supported by evidence, therefore, means no more than that the testimony taken was insufficient to justify the conviction of the plaintiff. We cannot go into that question, for the writ of mandamus does not lie to review such discretionary matters. Even if the testimony were technically hearsay, its character in this respect would not be fatal to the finding of the Civil Service Commission. The niceties of form in procedure in courts of justice and the strict enforcement of the rules of evidence have no place in the investigation of charges by such a body as the Civil Service Commission. See 28 Cyc., 514. We, therefore, could not intelligently review the evidence taken by the Civil Service Commission, for we have no standard for determining what evidence they considered and what they rejected. No issue has been presented, therefore, which is justiciable in this court, and the motion to quash should be sustained.

2 D. & C.

Crofut v. City of Philadelphia et al.

Although not raised by the pleadings, it may be well to point out that, in our opinion, the whole proceeding is defective, in that the petitioner has taken the wrong remedy. The writ of mandamus will only lie to compel the performance of a ministerial duty: Douglas v. McLean, 25 Pa. Superior Ct. 9 (1904); Boggs v. Monongahela City, 47 Pitts. L. J. 154; s. c., 22 Pa. C. C. Reps. 640 (1899); Powden v. Eshleman, 15 Lanc. Law Rev. 249 (1898). It cannot be resorted to for the purpose of controlling discretionary acts. The decision of the Civil Service Commission is a judicial finding. It cannot be attacked collaterally, and, if at all, the only manner in which a question of this character can be raised is by *certiorari*, if the circumstances justify that writ, or by appeal, should the statute so provide. In Gallagher v. Blankenburg, 248 Pa. 394, it was held: "The procedure provided in that act (Bullitt Bill) must be followed, and the decision of the trial court as to the guilt or innocence of the accused officer is final, unless reversed or set aside by a court of competent jurisdiction having the power of review upon appeal or *certiorari*."

In the present case no appeal is given by statute. This is the law, not only in Pennsylvania, but in other jurisdictions as well: Joyce v. Chicago, 216 Ill. 466; Ashcroft v. Goodman, 139 Tenn. 625; Savannah v. Brown, 64 Ga. 229; The People v. Jerome, 73 N. Y. Supp. 306; 28 Cyc., 517-518; Rush v. Philadelphia, 62 Pa. Superior Ct. 80.

The character of the remedy sought by the petitioner in this proceeding is not challenged by the defendants. It is fundamental, however, and goes to a question of jurisdiction, and we deem it advisable to point it out at this time.

The motion to quash is, therefore, granted.