Herbert W. Bloomquist, Appellee, v. Axel Rehnberg
et al., Appellants.

Gen. No. 8,905.

Heard in this court
at the February term, 1935.
Opinion filed March 22, 1935. Rehearing denied May 6, 1935.

CHARLES S. THOMAS, of Rockford, for appellants.

MILLER & THOMAS and KNIGHT & LUPTON, all of
Rockford, for appellee; CHAS. A. THOMAS, of counsel.

■

2

Mr. Justice Dove delivered the opinion of the court.

Appellee filed in the circuit court of Winnebago county a petition for a writ of certiorari, directed to the members of the board of fire and police commissioners of the City of Rockford, commanding them to certify a complete transcript of the proceedings resulting in the dismissal of appellee as a patrolman of police of said city. Appellants, as members of said board, filed their return and upon a hearing, the court quashed the return and the proceedings as shown by said return and from that order this appeal has been prosecuted.

The record discloses that for several years prior to May 16, 1934, appellee served as police patrolman in the City of Rockford. On that day certain written charges were filed with appellant against appellee by the wife of appellee, enumerating six specific instances of drunkenness, as a result of which appellee was suspended from duty by the chief of police of that city. Appellee was notified of these charges by appellant and personally appeared with his counsel before the board on June 14, 1934, at which time a hearing was had. At the conclusion of the hearing, the matter was taken under advisement by the board until the next morning, June 15, 1934, at which time appellants entered an order finding that appellee was guilty of conduct unbecoming a police officer and ordered his discharge from the service. The order specifically finds that appellee was drunk on May 10, 1934, and on March 5, 1934; that while drunk on this latter date at Mitchell's Tavern in Rockford, he participated in a fight; that in August, 1932, he was also drunk and forced his family out of his home and in the summer of 1929, while drunk, he drove his automobile on the sidewalk on Seventh street in the business district of Rockford.

It is contended by appellee that the charges on which the hearing was based did not accuse appellee of

neglect of duty, absence from duty or conduct unbecoming an officer and that the finding of the board did not show that appellee's drunkenness occurred while he was supposed to be on duty. In our opinion a police officer cannot avail himself of the defense that his misconduct occurred during the time that he was not on active duty. In *Joyce v. City of Chicago,* 216 Ill. 466, it was held that it was not essential to the removal of an officer, such as appellee, for cause that the offense for which he was removed was committed while the officer was acting strictly within the line of his duty as such officer. In this connection, the court in its opinion said: "It would hardly be urged that a construction of the statute would be justified which would require the commission to retain a murderer or burglar in the classified civil service simply because he was off duty at the time the murder or burglary was committed and was not acting in the line of his duty at the time he committed one or both of said crimes."

It is next insisted that inasmuch as appellee's wife was an incompetent witness against her husband, she was incompetent to file with appellant the written charges, the hearing upon which resulted in appellee's discharge from the service. In support of this proposition, counsel say there are no decisions in Illinois directly in point, but do call our attention to the case of *Bell v. State,* 14 Ga. App. 809, 82 S. E. 376. It was held in that case that inasmuch as a woman may not testify against her husband in a criminal prosecution charging him with adultery, neither can she make an affidavit which furnishes the basis for a warrant charging him with that offense. That case is in no way analogous to this one. In Illinois a wife cannot testify for or against her husband in a criminal proceeding. *People v. Ernst,* 306 Ill. 452; *People v. Rogers,* 348 Ill. 322. But the procedure followed in the instant case is purely statutory, and the statute simply pro-

vides that no officer or a member of the police department shall be removed or discharged except for cause upon written charges. It does not prescribe that the charges shall be sworn to or by whom such charges shall be made. All that the statute requires is that they shall be written. It does not require that the person making the written charges should be a competent witness against the party against whom the charges are preferred, and in the absence of any such requirement we would hesitate to supplement the statutory provisions by any such requirement. The return of appellants discloses who testified in support of the charges preferred against appellee and the wife of appellee was not called or examined as a witness, but the charges were proven by four other competent witnesses. In *Joyce v. City of Chicago, supra,* the court said: "This proceeding is not a common law or criminal proceeding, but an investigation. While the plaintiff in error had the right to have the charge preferred against him reduced to writing and in such form that he could clearly understand the ground assigned for his removal, it was not necessary that the charge should be formulated in technical language similar to that of a declaration or indictment." In *Heaney v. City of Chicago,* 117 Ill. App. 405, the court says: "Written charges must state a 'cause' for his removal, which must be some substantial shortcoming which renders his continuance in office or employment in some way detrimental to the discipline or efficiency of the service. But when that is conceded, a wide latitude is given to the Commission as to what will justify the separation from the service, provided only, the accused has been given the proper opportunity to know the nature of the charges, and to be heard in his own defense."

In our opinion the wife of appellee, although for that reason an incompetent witness upon the hearing

of the charges, was not. disqualified from filing with appellant the written charges which formed the basis of the subsequent hearing. Appellant was given jurisdiction of the subject matter by the statute and properly acquired jurisdiction of appellee. A written charge, as provided by the statute, was filed against appellee. It was specific and acquainted appellee with the charges. which he was called upon to meet. Appellant had jurisdiction, proceeded legally and according to the provisions of the statute, and the judgment of the trial court' in quashing the proceedings was erroneous. The judgment is therefore reversed and the cause remanded with directions to quash the writ of certiorari.

*Reversed and remanded with directions.*