[No. 27902.   Department One.   July 6, 1940.]

THE STATE OF WASHINGTON, *on the Relation of Roy Ashing, Appellant,* v. RUFUS T. DAVIS *et al., Respondents.*[1]

[1]Reported in 104 P. (2d) 335.

*A. G. Laffin,* for appellant.

*Howard Carothers, Clarence M. Boyle,* and *George F. Abel,* for respondents.

MILLARD, J.—Roy Ashing instituted a certiorari proceeding in the superior court for Pierce county to obtain review and reversal of an order of the civil service commission of the city of Tacoma dismissing relator from his position as truck driver in the department of public welfare of that city, which position he held as a civil service employee. Upon the issuance of an alternative writ the members of the civil service commission appeared by demurrer to the affidavit and application of relator for the writ and by motion to quash the writ. The court sustained the demurrer and granted the motion to quash. The relator refused to plead over, whereupon the court entered judgment of dismissal. The relator appealed.

The pertinent facts, which are contained in the affidavit and application of appellant for writ of review, are as follows: The charter of the city of Tacoma provides for a civil service commission and places truck drivers in the employ of the refuse collection division, department of public welfare, under and subject to civil service rules. Pursuant to that authority, the civil service commission adopted rules and regulations respecting the discharge and discipline of employees of the city. Section 49 of the rules provides as a cause for removal or discharge of an employee sixteen distinct offenses, among which is, "(12) Conduct unbecoming an officer or employee of the City, either while on or off duty."

Section 96, Article 14, of the city charter provides that no employee in the classified service shall be removed or discharged except for cause; and whenever any such employee shall have been removed or dis-

charged, the head of the department, board, or office in which he was employed, shall within three days furnish to such employee a statement in writing, *setting forth the reasons therefor,* and file a copy thereof with the civil service commission. Within five days thereafter, the employee may request in writing a public hearing before the civil service commission upon the sufficiency of such reasons. Upon that hearing, if a majority of the members of the commission shall find that the employee was discharged without just cause, the employee shall be immediately reinstated in the position formerly held by him in the city service. The decision of the commission shall be in writing and signed by a majority of its members and filed with the commission *and shall be final.* A copy of the decision shall be furnished to the employee, to the head of the department concerned, and to the city comptroller.

On January 27, 1939, appellant was notified in writing as follows of his discharge:

"You are hereby notified that on and after January 27, 1939, your services in the Refuse Collection Division, Public Welfare Department, City of Tacoma, will be no longer desired.

"The discharge is effective as of date, as a result of your conduct which has been unbecoming to a city employee, special reference being made to an incident which took place at the department garage at 102 East 28th Street on Friday evening, January 20th.

Very truly yours,

"John C. Siegle    Department of Public Welfare
"Mayor and Commis-    Refuse Collection Div.
"sioner of Public Welfare.    By C. Amos Booth, Supt."

Within the time provided by the city charter, appellant requested a public hearing by the civil service commission of the city of Tacoma upon the sufficiency of the reasons for his discharge. The request was granted, and a hearing was had February 7, 1939, at

which time the appellant appeared in person without objection to the sufficiency of the charge and without any request for a more specific statement of the charges. It is clear from his affidavit that he knew what the facts were constituting the misconduct with which he was charged, as in his affidavit he refers to his testimony respecting that charge and his attempts to excuse his alleged misconduct.

Appellant's position in the trial court and on appeal is that the charge against him is insufficient on its face to give the civil service commission jurisdiction to proceed with the hearing, at which hearing the discharge of appellant was sustained by the commission; therefore, the findings of the civil service commission sustaining the discharge are void.

There is no claim on the part of appellant of an absence of evidence tending to sustain the charges, and he does not contend that he was prevented from presenting his case to the commission. His principal complaint is of refusal of the commission to find in accordance with certain expert testimony adduced by him.

It is not necessary, under the civil service provisions of the Tacoma charter, in discharging a civil service employee, that a reason be given which would be sufficient to sustain a criminal action. *Bridges v. Patterson*, 135 Wash. 436, 237 Pac. 998. The technical language and particularity required in an indictment or complaint is not necessary. Sufficient notice must be given to enable the person accused to procure counsel and prepare his defense, and the charges must be made in writing, as the charter provides, and with sufficient definiteness to inform accused of the character and extent of the charges. 43 C. J. 680.

Appellant knew what the charges were. If he desired that the reasons for his dismissal be made more definite and certain, he should have made a request

therefor. By his appearance and active participation in the hearing before the civil service commission, as related above, he can not for the first time on application for writ of review raise that question. *State ex rel. Niggle v. Kirkwood*, 15 Wash. 298, 46 Pac. 331; *Sullivan v. Lower*, 234 Ill. 21, 84 N. E. 622.

Appellant was awarded a full opportunity by the civil service commission to be heard. Competent evidence was produced tending in some measure at least to prove the charges made. The court may not inquire into the weight or sufficiency of the evidence. As stated in *State ex rel. Littau v. Seattle*, 189 Wash. 64, 63 P. (2d) 515:

"Its power is confined to the inquiry whether the officers entrusted with the authority to effect removals and discharges have acted within the prescribed rules."

There is nothing in the record before us disclosing that the civil authorities acted other than within the prescribed rules, and we do not find anything from which it can fairly be contended that respondents' action was arbitrary or capricious. As stated by the trial court,

"It appearing from the affidavit that he knew full well what the incident was and defended on the merits, introducing testimony, he cannot now be heard to complain."

The judgment is affirmed.

BLAKE, C. J., BEALS, ROBINSON, and SIMPSON, JJ., concur.