## THE PEOPLE ex rel. John Maloney

*v.*

## ROBERT LINDBLOM et al.

*Opinion filed October 19, 1899—Rehearing denied December 6, 1899.*

1. CERTIORARI—*certification of civil service commissioners cannot be set aside by certiorari.* A certification of a person by the civil service commission cannot be set aside and another person placed in his stead by the common law writ of *certiorari.*

2. SAME—*certiorari does not lie to determine correctness of civil service commissioners' selection.* The correctness of a ruling by a civil service commission that one person is entitled to be certified in preference to another cannot be reviewed on *certiorari*, even on the ground that the statute on which such ruling is based is unconstitutional, but the inquiry is limited to determining whether the commission had jurisdiction and proceeded according to law.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

This was a petition for a common law writ of *certiorari*, brought in the name of the People, on the relation of John Maloney, against Robert Lindblom, Edward Carroll and John W. Ludwig, civil service commissioners. In the petition it was averred that the petitioner is a citizen of the State of Illinois, a resident, property owner and taxpayer of the city of Chicago, county of Cook and State of Illinois, and a native of the city of Chicago, in which he has lived continuously since his birth, forty-three years ago; that on the 29th day of March, 1898, the civil service commission of the city of Chicago gave public notice, pursuant to law, that on June 8, 1898, an examination would be held by said commission for the position of superintendent of the meter department mechanical, the same being a position in the classified civil service of said city; that in accordance with said notice the petitioner on May 11, 1898, filed with the chief examiner and secretary of said commission his application for examination for said position, which was approved by said

182—16

commission, and that on due notice the petitioner was afterwards subjected to the physical, medical and mental examination prescribed by the said civil service commission for the said position, which he passed with a general average of 89.48, and his name was thereupon placed upon the register of eligibles for said position, at the head of the list; that one Aaron L. Brown was also at the same time examined for said position, and passed the examination with a general average of 76.65; that one Richard J. Lavery also passed said examination with a general average of 76.28, and that said Brown and said Lavery names were also placed upon said list of eligibles, with the aforesaid averages, respectively; that such examination was the first held for said position by said commission; that afterwards, on the 4th day of October, 1898, it having become necessary to fill said position of superintendent of meter department mechanical, the said commission did certify to the commissioner of public works of said city the name and address of the said Aaron L. Brown; that the said certification of Aaron L. Brown was made by the commission under and pursuant to the amendment to the act to regulate the civil service of cities, approved March 20, 1895, known as section $10\frac{1}{2}$ of the said Civil Service law. The petitioner avers that the said law is unconstitutional and void, and that the said civil service commission should have certified, pursuant to said Civil Service law and rules thereunder, the name of the said John Maloney, petitioner, for the said position. The prayer of the petition is that said amendment to the said law may be declared unconstitutional and void, and that a writ of *certiorari* may be issued to bring up the record of the proceedings before the civil service commission, and that the certification of the said Aaron L. Brown may be rescinded and revoked, and that the name of the petitioner, John Maloney, may be certified by said commission to the commissioner of public works in lieu of the name of Aaron L. Brown.

In return to the writ served on the civil service commissioners they filed a record of the proceedings sought to be reviewed, from which it appears that an examination was had for the position of superintendent of meter department mechanical on June 1, 1898. The record, among other things, shows the following:

"*Eligible List*, No. 294.—Superintendent meter mech. dep't, held June 1, 1898; posted September 30, 1898.

9870—Maloney, John, 145 N. Ashland ave.................89.48
21190—Brown, Aaron L., (ex-soldier) 1500 Newport ave...76.65
19693—Lavery, Richard J., 176 36th place................76.28

"Certificate of discharge of Aaron L. Brown from the military service of the United States.

" '*To all whom it may concern*—Know ye that A. L. Brown, a private of Capt. W. I. Coles' company C, 71st regiment of the N. Y. State militia, who was enrolled on the twentieth day of April, one thousand eight hundred and sixty-one, to serve......, is hereby discharged from the service of the United States, this eleventh day of June, 1861, at Washington, by reason of sickness. (No objection to his being re-enlisted is known to exist.) Said A. L. Brown was born in Brooklyn in the State of New York, is twenty years of age, five feet nine inches high, light complexion, brown eyes, brown hair, and by occupation, when enrolled, a clerk.

" 'Given at Washington this 11th day of June, 1861.

" 'NOTE—This sentence will be erased should there be anything in the conduct or physical condition of the soldier rendering him unfit for the army.

HENRY P. MARTIN,
*Lt. Col. Com. 71st Reg. N. Y. S. M.*' "

Upon which are endorsed the following words and figures:

"I have paid this day the herein named A. L. Brown the amount of pay and allowance due him on his final statement.

CARY M. FRY, *Paymaster U. S. A.*"

It further appears from the record returned, that under section $10\frac{1}{2}$ of the Civil Service act of 1897 the civil service commissioners certified Aaron L. Brown to H. O. Nourse and the superintendent of public works for appointment, he being entitled to preference as he was an ex-soldier and had been honorably discharged from the service of the United States. On the hearing the court quashed the writ, and the petitioner appealed.

PETER J. ELLERT, and THOMAS L. HARTIGAN, for appellant.

JOHN C. BLACK, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It will be observed upon an examination of the prayer of the petition that the petitioner asks that the certification of Aaron L. Brown may be rescinded and revoked, and that the name of the petitioner, John Maloney, may be certified by the commission to the commissioner of public works in lieu of the name of Aaron L. Brown. It is apparent from the prayer of the petitioner that the scope and purpose of a common law writ of *certiorari* are misconceived by him. This is not a proceeding in which the certification of Brown by the civil service commission can be set aside by the court, and the petitioner, John Maloney, placed in his stead, nor is it a contest in which the right of one of the parties to the place in question may be set aside and the other sustained. The only office of the writ of *certiorari* is to bring before the court the record of the proceedings of the inferior tribunal for inspection, and the only judgment to be rendered is that the writ be quashed or that the record of the proceedings be quashed. *Chicago and Rock Island Railroad Co.* v. *Fell,* 22 Ill. 333.

The petitioner seems to be laboring under another misconception in regard to his rights and the power of the court in a proceeding of this character. The inferior tribunal, where the record is brought before the court by writ of *certiorari,* may have erred in its rulings on questions of law during the progress of the trial, or it may have erred in the application of the law to the facts in reaching its final judgment, and yet those errors cannot be reviewed and corrected in a proceeding of this character. On a return to a writ bringing the record before the court the only proper inquiry is whether the inferior

tribunal had jurisdiction and proceeded legally,—*i. e.*, followed the form of proceedings legally applicable in such cases,—and not whether it correctly decided the questions arising upon the admission or exclusion of evidence, the giving and refusing of instructions, and other like questions, during the progress of the trial. The rulings of a court may be erroneous and yet it may have jurisdiction and proceed legally. (*Hamilton* v. *Town of Harwood*, 113 Ill. 154.) The rule announced in the case cited has been fully sustained by other cases. (*Donahue* v. *County of Will*, 100 Ill. 94; *Scates* v. *Chicago and Northwestern Railway Co.* 104 id. 93.) Here the jurisdiction of the civil service commission is not disputed, and it is apparent that the tribunal proceeded according to the forms of law applicable in such cases.

But it is said that the civil service commission made an erroneous decision in holding that Aaron L. Brown, who was engaged in the military service of the United States in 1861 and who had been honorably discharged, was entitled to preference under section 10½ of the act of 1897, as the section of the act was unconstitutional. It may be true that the civil service commission erred in its ruling on the hearing, but that is a question which cannot be inquired into by writ of *certiorari*. The civil service commission had jurisdiction and it proceeded according to the forms of law, and if that tribunal made a mistake in holding that the act of the legislature was valid, and the facts presented brought Aaron L. Brown within the terms of the act which entitled him to a preference over the petitioner, the ruling of the tribunal was mere error, which cannot be reviewed in this proceeding.

We think the judgment of the court quashing the writ was correct, and it will be affirmed.

*Judgment affirmed.*