## Carl J. Ellfeldt, Appellee, v. City of Chicago, Appellant.

### Gen. No. 19,912.

1. PLEADING, § 30*—*when allegations of law not admitted by demurrer*. In a mandamus proceeding, allegations in an answer that the petitioner was legally and properly discharged are in reality allegations of law, not admitted by a demurrer.

2. CIVIL SERVICE, § 1*—*construction of act*. The Civil Service

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Act should not be interpreted in such a narrow fashion as to require strict observance of the letter to the neglect of the spirit of the law.

3. CIVIL SERVICE, § 23*—*when finding is by civil service commission.* Where a fire captain was charged with conduct unbecoming an officer and a member of the fire department, in receiving stolen property and storing it in the quarters of his company, and two out of the three Civil Service Commissioners, sitting as a trial board, found the petitioner guilty as charged, and ordered his discharge from the fire department and from the service of the City of Chicago, and the minutes of the meeting were subsequently approved by the Civil Service Commmission, which still later denied the petitioner a rehearing, the finding of the two Commissioners *held* to be that of the commission, which also showed its approval of the joint action, sitting as a trial board, no purely formal action or resolution being required by statute.

4. CIVIL SERVICE, § 25*—*limit of inquiry upon appeal and error.* In reviewing the action of a civil service commission in the trial of civil service officers and employees, the limit of inquiry in the Appellate Court, is solely as to whether the commission had jurisdiction and whether it followed the form of proceedings legally applicable to such cases.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded with directions. Opinion filed November 30, 1914.

WILLIAM H. SEXTON, for appellant; JOSEPH F. GROSSMAN and JOHN E. FOSTER, of counsel.

WEST & ECKHART, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This appeal is from a judgment of the Superior Court of Cook county ordering a mandamus to the City of Chicago to place the name of the petitioner in the suit, one Carl J. Ellfeldt, upon the roster of Captains of the Fire Department of said City of Chicago and upon the fire department payroll of said City, etc.

The judgment was entered upon the pleadings. Ell-

---

*See **Illinois Notes Digest, Vols. XI** to **XV, and Cumulative Quarterly,** same topic and section number.

feldt filed a petition for a mandamus to the effect stated on September 28, 1911. He filed by leave an amended petition of the same purport April 17, 1913. A general demurrer by the City, which had been filed to the original petition, was ordered to stand to the amended petition and was overruled on that same date. May 13, 1913, an answer was filed by the City to said amended petition and to this answer the petitioner May 15, 1913, filed a general demurrer.

May 17, 1913, this demurrer was sustained by the court, and the defendant having elected to stand by its answer the mandamus was ordered to issue. The entry of this order was excepted to and an appeal taken.

The facts admitted or alleged by the answer demurred to, besides various informal matters not in controversy, are that there is a classified civil service under the statutes of Illinois and ordinances of the City of Chicago, covering captaincies and other positions in a fire department established by said City; that the petitioner, being duly qualified therefor, received at certain dates appointments in the said fire department, those after the first one being in the nature of promotions, and that on November 1, 1907, he was appointed captain in the department in accordance with the Civil Service Act; that he continued to act as such captain until May 27, 1908; that on May 27, 1908, the Fire Marshal of the City of Chicago preferred charges against the petitioner and filed the same with the Civil Service Commission, describing the offense charged in the following words:

"Conduct unbecoming an officer and a member of the fire department, in receiving stolen property and storing same in the quarters of his Company, Engine Company No. 21, on May 26, 1908, and at other times during the six weeks previous to said date."

That on June 5, 1908, a hearing on said charges was had before Commissioners McKinley and Fargo, the

third and only other member of the Civil Service Commission, Elton Tower, not being present at said hearing; that the said Commisioners McKinley and Fargo, as a trial board, found the petitioner guilty as charged. in the charges, and ordered that he be discharged from the fire department and from the service of the City of Chicago; that on or before June 5, 1908, the Civil Service Commission entered an order which provided that some one of the Civil Service Commissioners should be and act as a Fire Trial Commissioner until further order of the Commission; that (in the language of the answer) "no order was entered at the meeting of the Commission held on June 5, 1908, when the findings of said trial board were entered of record," but that "at a subsequent meeting of the Civil Service Commission held June 8, 1908, the minutes of the meeting of June 5th were approved"; that the petitioner subsequent to his discharge on June 5, 1908, filed with the Civil Service Commission a petition for a rehearing; that at a meeting of the Civil Service Commission held on September 30, 1908, said Civil Service Commission entered an order refusing said petition in words following:

"Petition rehearing: Carl J. Ellfeldt, ex-captain Fire Dept., refused 88941; Joseph C. Wickliffe, lieut. Fire Dept., refused 88964."

That June 5, 1908, the secretary of the Civil Service Commission wrote and sent to the fire marshal the following letter:

"Civil Service Commission, Chicago.
June 5, 1908.

Hon. James Horan,
        Fire Marshal.
Dear Sir:—

The following is a copy of a finding entered this day in the case of Carl J. Ellfeldt, Captain Engine Company No. 21, and in the case of Joseph C. Wickliffe, Lieutenant Engine Company No. 21.

'Upon investigation of within charges, we find that a notice stating the time when and the place where

this investigation was to be held, together with a copy of the charges herein, was duly served on the said Carl J. Ellfeldt more than five days prior to this investigation; and the said Carl J. Ellfeldt appeared in person and was also represented by attorney. Whereupon the witnesses were sworn and their evidence was heard by the Commission.

'And we further find from the evidence that the said Carl J. Ellfeldt is guilty as charged in the foregoing charges, and order that he be discharged from the Fire Department and from the service of the City of Chicago.

'Upon investigation of within charges, we find that a notice stating the time when and the place where this investigation was to be held, together with a copy of the charges herein, was duly served on the said Joseph C. Wickliffe more than five days prior to this investigation; and the said Joseph C. Wickliffe appeared in person. Whereupon the witnesses were sworn and their evidence was heard by the Commission.

'And we further find from the evidence that the said Joseph C. Wickliffe is guilty as charged in the foregoing charges, and order that he be discharged from the Fire Department and from the service of the City of Chicago.'

By order of the Commission,
Vernon L. Bean, Secretary.''

That in pursuance of the said instructions contained in said letter, the Fire Marshal discharged the petitioner.

The other allegations of the answer, which assert in various forms, affirmatively and negatively, the position that the petitioner was legally and properly discharged, are in reality allegations of law, not admitted by the demurrer.

The contentions of the defendant shown in its assignments of error are that the demurrer to the answer should have been overruled instead of sustained, and that the mandamus should not have issued, but on

the contrary the petition should have been dismissed for want of jurisdiction. We think the contention concerning the disposition of the demurrer is well made, and that the judgment must be reversed and the cause remanded with directions to overrule the demurrer.

The theory that the removal was not in accordance with section 12 of the Act to regulate the Civil Service of Cities, approved March 20, 1895, is based on highly technical grounds. The section in question reads in part:

"No officer or employe in the classified civil service of any city who shall have been appointed under said rules and after said examination shall be removed or discharged except for cause upon written charges and after an opportunity to be heard in his own defense. Such charges shall be investigated by or before said civil service commission, or by or before some officer or board appointed by said commission to conduct such investigation. The finding and decision of such commission or investigating officer or board, when approved by said commission, shall be certified to the appointing officer and shall be forthwith enforced by such officer."

The contention of the appellee amounts to this: That where a quorum and majority of the Commission sitting in an investigation of charges of improper and indeed criminal conduct against an employee are not shown to have called a regular meeting of the Commission for the purposes of such investigation, action in removal of such employee by his superior officer, in compliance with their order entered in the minutes of the Commission, is void and ineffective and can be ignored in the issuance of a mandamus prayed from a court of general jurisdiction more than three years thereafter. And this, although prior to the said investigation an order had been entered by the Commission that "some *one* of the Civil Service Commissioners should be and act as a fire trial Commissioner until further order of the Commission," although the finding of guilty and sentence of discharge were entered

of record by the Commission in its minutes before said discharge was announced to the employee, and although these minutes were, three days after said superior officer had acted in accordance with the finding and order therein contained, approved at a regular meeting of the Commission, and four months afterwards a formal petition for rehearing filed by the removed employee with the Commission was refused at a regular meeting of said Commission. This is maintained in the last analysis, because, as it is said, the two out of three members of the Commission who sat in the investigation considered themselves a trial board and not the Commission while so sitting, and the Commission as a Commission entered the approval of their action on its minutes *after*, and not *before*, the announcement of the finding and sentence to the employee and the action of his superior officer in accordance with them.

We cannot accede to this theory. It is opposed to both reason and authority. The Civil Service Act was not intended to be interpreted in any such narrow fashion, nor was it intended to require such strict observance of the letter to the neglect of the spirit of the law.

The finding of the two Commissioners was, in our opinion, the finding of the Commission. If it were not, the subsequent action of the Commission must certainly be held to have shown its approval in due time of the joint action of a majority of the Commission sitting as a trial board. No purely formal action or resolution was required by the statute, in our opinion.

We do not think discussion of authorities is necessary. But since the counsel for appellee draw a distinction between the doctrine of the cases cited by appellant from the decisions of this court and that of the cases cited from the decisions of the Supreme Court as to the matters into which the courts may in-

quire in reviewing the action of the Civil Service Commission, it may not be superfluous to note that we recognize no such difference. The doctrine criticized was thus expressed by this court in *People ex rel. Hayes v. City of Chicago,* 142 Ill. App. 103:

"It makes no difference whether the review" (i. e. of decisions of the Civil Service Commission of Chicago in a trial of city officers or employees protected by the Civil Service Act) "is attempted by certiorari or in a petition for mandamus, the inquiry on our part and on the part of the Circuit and Superior Courts is limited to the questions *whether the Commission had jurisdiction and whether it followed the form of proceedings legally applicable in such cases.* This is what the Supreme Court said in *People v. Lindblom,* 182 Ill. 241, and we have repeated in the *Heaney* case and in other cases."

In *People ex rel. Maloney v. Lindblom, supra,* the Supreme Court said:

"On a return to a writ" (i. e. of certiorari) "bringing the record before the court, *the only proper inquiry is whether the inferior tribunal*" (i. e. in that case the Civil Service Commission) "*had jurisdiction and proceeded legally,—i. e., followed the form of proceedings legally applicable in such cases.*  *  *  * The rulings of a court may not be erroneous and yet it may have jurisdiction and proceed legally.  *  *  * Here the jurisdiction of the Civil Service Commission is not disputed, and it is apparent that the tribunal proceeded according to the forms of law applicable in such cases."

The judgment of the Superior Court is reversed and the cause remanded with directions to overrule the demurrer and further proceed with the cause not inconsistently with this opinion.

*Reversed and remanded with directions.*