DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1917.

The People of the State of Illinois ex rel. Martin J. Qualey, Appellee, v. City of Chicago et al., Appellants.

Gen. No. 21,989.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed January 8, 1917.

### Statement of the Case.

Petition for a writ of mandamus by the People of the State of Illinois *ex rel.* Martin J. Qualey, petitioner, against the City of Chicago and others, respondents, to compel the restoration of relator to the position of detective sergeant of the police force of Chicago. From a judgment ordering that a writ issue as prayed for, respondents appeal.

Petitioner did not set forth any ordinance creating the position of detective sergeant. The petition alleged that on August 11, 1913, charges were made against petitioner and delivered to him; that he was charged with having been guilty of conduct unbecoming a police officer, and also wilful maltreatment of a

citizen; that the trial before the Civil Service Commission was set for August 20, 1913, and that he attended upon that day, but that the commission did not hold a session, and that on September 3, 1913, in the absence of the petitioner, the trial board met and he was found guilty upon the charges made, and an order was entered that he be discharged from the police department.

SAMUEL A. ETTELSON, for appellants; ROY S. GASKILL and JOHN A. COOKE, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MANDAMUS, § 138*—*when petition for mandamus must set forth ordinance creating position of officer.* Where a petition for a writ of mandamus for restoration of a police officer to the position of detective sergeant of the police force of Chicago does not clearly show the ordinance creating the position, the petitioner is not entitled to a writ of mandamus.

2. CIVIL SERVICE, § 25*—*when presumed that police officer had opportunity to appear in defense at hearing of charges and that proceedings were properly conducted.* In the absence of any averment to the contrary, in a writ of mandamus by which a detective sergeant of the police force of Chicago seeks restoration to such position, it will be presumed that the hearing of the charges was continued from the day first set until the day of actual trial, that the petitioner had opportunity to appear in defense and that the proceedings were properly conducted.

3. CIVIL SERVICE, § 24*—*what findings of Civil Service Commission will not be reviewed.* The findings of the Civil Service Commission upon the questions of the innocence or guilt of a petitioner seeking by writ of mandamus to be restored to a position on the police force of the City of Chicago will not be reviewed.

4. CIVIL SERVICE, § 28*—*what constitutes laches in filing petition of mandamus for restoration of petitioner to office.* A delay of more than six months in filing a petition of mandamus by an officer of the police force of the City of Chicago constitutes laches, and is a sufficient defense thereto.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.