## The People of the State of Illinois ex rel. Henry A. Aeberly, Appellee, v. City of Chicago et al., Appellants.

### Gen. No. 30,630.

1. MANDAMUS—*right to writ to review proceedings of civil service commission trying patrolman on charges preferred.* Mandamus will not lie to review proceedings of the civil service commission of the City of Chicago in which a patrolman was found guilty of accepting a bribe, and as a result of which he was discharged from the service.

2. MANDAMUS—*quashal on certiorari of proceedings before civil service commission trying patrolman as ground for granting mandamus to procure reinstatement after second trial and conviction.* Where as the result of certiorari proceedings in the superior court of Cook county an order was entered quashing the record of proceedings by the civil service commission of Chicago in which a patrolman was found guilty of accepting a bribe, and thereafter the same charges were made the basis of a second trial before the commission, in which the officer was again found guilty, mandamus will not lie to review such second proceedings unless the

The People v. City of Chicago et al., 240 Ill. App. 208.

quashing of the former proceeding operated to bar any subsequent proceeding upon the same charges, so that the second trial might be deemed void.

3. CERTIORARI—*scope of jurisdiction on review of proceedings before civil service commission trying patrolman for accepting bribe.*   On certiorari to review proceedings of the civil service commission in which a patrolman was found guilty' of accepting a bribe, the court has no jurisdiction to pass upon the findings and conclusions of the commission, but may examine the proceedings to ascertain whether the inferior tribunal had jurisdiction, whether the record shows the facts upon which jurisdiction is founded, and whether the commission acted upon evidence, and the only judgment which it can render is that the writ be quashed or that the record be quashed.

4. CERTIORARI—*effect of order quashing record based upon finding return is insufficient in law.*   An order of the court quashing a record of proceedings before the civil service commission, based upon its finding that the return to the writ was insufficient in law, is a decision that the proceeding reviewed is null and void and as if it never had been.

5. JUDGMENTS—*order quashing record in certiorari proceedings as res adjudicata of subject matter of proceedings.*   While an order of court on a writ of certiorari declaring the proceedings under review null and void is res adjudicata of the proceedings in question, it is not res adjudicata of the subject matter of such proceedings, and it may be made the basis of another proceeding before the same tribunal.

6. APPEAL AND ERROR—*unperfected appeal from order quashing proceedings before commission as bar to institution of second proceeding based upon same subject matter.*   Although following entry of an order in certiorari proceedings quashing the record under review the respondent prayed an appeal, that fact is no bar to a second proceeding by the respondent based upon the same subject matter, where it does not appear that the appeal was perfected.

7. MANDAMUS—*scope of review on proceedings to reinstate discharged patrolman.*   The question whether a civil service commission, in conducting a trial of a patrolman upon charges preferred, and in finding him guilty of such charges, observed all of its rules touching such proceedings, cannot be considered in mandamus proceedings to procure the officer's reinstatement after his discharge as the result of such trial and finding.

8. MUNICIPAL CORPORATIONS—*reinstatement of patrolman after quashal on certiorari of proceedings against him before civil service commission as waiver of right to second trial on same charges.*

The fact that, following the quashal on certiorari of proceedings by the civil service commission in which a patrolman was tried and found guilty of accepting a bribe, he was reinstated in his position, did not effect a waiver of the right of the commission to again place the officer on trial upon the same charges.

9. MANDAMUS—*discretion of court as to issuance of writ.* Mandamus is not a writ of right, but rests in the sound judicial discretion of the court, and it may be refused if the consequences of the writ will not promote substantial justice.

10. MANDAMUS—*when writ improperly granted to reinstate discharged patrolman.* Mandamus is improperly granted to reinstate in his position a patrolman ousted therefrom as the result of a second conviction of having accepted a bribe, where a former conviction on the same charge was set aside on certiorari proceedings, because the findings of the commission conducting the trial were not in proper form, and there was no allegation that the findings were erroneous or denial of the truth of the charges, to grant the writ in such a case not tending to promote substantial justice, but rather disorder and confusion.

11. MANDAMUS—*when patrolman barred by laches from award for salary during period of illegal exclusion from position.* Where a patrolman, ousted from his position as the result of his conviction before the civil service commission of having accepted a bribe, delayed more than two years to institute proceedings to collect his salary from the date of such ouster to the date of his reinstatement following the quashal of the proceedings of the commission on certiorari, his petition therefor, filed in connection with mandamus proceedings to compel reinstatement after his second discharge as the result of a second trial and conviction upon the same charge, was barred by his laches.

Appeal by defendants from the Superior Court of Cook county; the Hon. EMANUEL ELLER, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1925. Reversed. Opinion filed March 29, 1926.

FRANCIS X. BUSCH, Corporation Counsel, for appellants; ALBERT H. VEEDER, Assistant Corporation Counsel, of counsel.

JOHN OWEN, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Petitioner sought a writ of mandamus and defend-

ants filed an answer. A demurrer to this was sustained, and defendants stood by their answer. Judgment was accordingly entered awarding petitioner the writ and commanding the superintendent of police, the civil service commissioners, the city comptroller and the city treasurer of the City of Chicago to reinstate petitioner in his former position of patrolman and to pay him the salary which had not been paid during the time he was ousted from said position.

The petition alleges in substance that petitioner was a duly appointed patrolman serving from August 5, 1915, until July 13, 1922, on which last date charges were preferred against him that he was guilty of conduct unbecoming a police officer in that he received a bribe of $100 for having a sentence of 60 days in the House of Correction stricken from the court records, and that after evidence was received supporting the charge petitioner was found guilty and on July 21, 1922, in accordance with the finding of the civil service commission he was discharged from the service; that he then sued out a writ of certiorari in the superior court of Cook county, and on April 21, 1923, said court entered an order quashing the record and proceedings of the trial and discharge of petitioner before the civil service commission; that on July 13, 1923, he was ordered reinstated and continued to discharge the duties of patrolman until September 21, 1923, on which date the superintendent of police preferred the same charges against petitioner which had formerly been preferred against him, and thereupon on the second proceeding and trial before the civil service commission the petitioner was found guilty on November 16, 1923, and was ordered discharged, and on that date he was accordingly discharged. The petition sets forth certain rules of the civil service commission touching the proceedings before it, also the annual appropriation ordinances providing for the salary of patrolmen.

Defendants answered admitting most of the allega-tions of fact in the petition, but alleged further that when the writ of certiorari was allowed in the superior court the only question raised in that court was whether or not the order of the civil service commis-sion was in proper legal form, as it was contended that the order of the commission was void because it contained no findings which showed upon what facts it had based its order of discharge; that the question of the guilt of petitioner was not considered or in any way adjudicated, and therefore, it was asserted, the order of the superior court was no legal bar to filing the identical charges against petitioner as were made and tried in the first trial before the commission.

Does mandamus lie to review the proceedings of the civil service commission, or must this be done by cer-tiorari only? While, apparently, the writ of manda-mus and certiorari have both been used for the same purpose, namely, to reinstate a party to an office from which he has been illegally removed or suspended, yet considering the history and purpose of the two actions with the reported decisions, we conclude that the writ of mandamus will not lie to review the proceedings of the civil service commission.

The purpose of the writ of mandamus, when directed to subordinate tribunals exercising judicial or discre-tionary power, is to compel them to act, but never to compel them to decide in a particular manner. The writ is a command in the name of the State directed to some corporation, officer or inferior court, requiring the performance of a particular duty resulting from the official station of the party to whom the writ is directed. Mandamus lies to compel, not to revise or correct, action however erroneous it may have been. On the other hand, the office of the writ of certiorari is to review the proceedings in an inferior court to as-certain their validity. It is to bring up proceedings from the court below for examination so that they may

be affirmed or quashed and not to enforce any rights growing out of those proceedings. Summarily stated, mandamus commands action and certiorari reviews an action. 13 Encyclopedia of Pleading and Practice, "Mandamus"; High's Extraordinary Legal Remedies, 3rd ed., p. 4; 18 R. C. L., "Mandamus," p. 87; 5 R. C. L., "Certiorari," p. 250; 4 Encyclopedia of Pleading and Practice, "Certiorari," p. 10. By statute, the Supreme Court reviews the entire record in cases brought by certiorari. Chapter 110, sec. 120, Illinois Statutes [Cahill's St. ch. 110, ¶ 119].

Illinois decisions are not in conflict with this rule, although the precise question does not seem to have been raised. *People ex rel. Qualey v. City of Chicago,* 203 Ill. App. 192; *People ex rel. Jones v. Webb,* 256 Ill. 364; *McArdle v. City of Chicago,* 172 Ill. App. 142.

In the cited cases of mandamus there was an allegation that the petitioner had been removed entirely contrary to law or without any hearing before the civil service commission or by a board not composed of civil service commissioners. It is conceded that the writ of mandamus will lie to restore a person who has been wrongfully ousted from office under no authority or color of authority and when he has a clear legal right to be reinstated.

Holding as we do that the only way which we may review the decision of the civil service commission upon the second trial is by writ of certiorari, mandamus will not lie herein unless it can be said that the quashing of the proceeding of the commission upon the first trial by the superior court constitutes a bar to the second proceeding so that it may be considered void. That is to say, if the second proceeding of the commission is void and the prior proceeding has been quashed, there is no legal obstacle to petitioner's reinstatement, and this may be effected by the writ of mandamus.

It is established by a long line of decisions that by

writ of certiorari the court has no power to pass upon the findings and conclusions of the commission, but may examine the proceedings to ascertain whether the inferior tribunal had jurisdiction, and the facts upon which such jurisdiction is founded must appear in the record, which also must show that the commission acted upon evidence. If the court finds the inferior body had no jurisdiction or had exceeded it or had not proceeded according to law, it will quash the proceedings. The only judgment to be rendered by a reviewing court is that the writ be quashed or the record of the proceedings be quashed. *Funkhouser v. Coffin,* 301 Ill. 257.

The order of the superior court quashing the first proceeding of the commission was based upon the finding that "said return is insufficient in the law." This was a decision that the first proceeding was null and void and was as if it had never been. This conclusion is supported by *Hamilton v. Town of Harwood,* 113 Ill. 154; *Joyce v. City of Chicago,* 216 Ill. 466; *People ex rel. Maloney v. Lindblom,* 182 Ill. 241; *Sullivan v. Lower,* 234 Ill. 21; *Heaney v. City of Chicago,* 117 Ill. App. 405.

In *Baer's Express & Storage Co. v. Industrial Board of Illinois,* 282 Ill. 44, it was contended that the decision of the circuit court on the writ of certiorari declaring the proceedings and order of the inferior tribunal to be null and void is *res adjudicata,* but it was held that this amounted only to a finding that those proceedings "were to be held for naught and that they had never been had," and the order of the circuit court was not *res adjudicata* of the matters presented to the inferior tribunal upon the second proceedings which were the same matters presented upon the first. See also *Bullis v. City of Chicago,* 235 Ill. 472.

It follows therefore that, if the first proceedings before the commission are held for naught, as if they

had never been had, the finding and order of the commission in the second proceeding is in full force and effect, and, as we have heretofore said, this may not be reviewed by a writ of mandamus.

Petitioner argues that when defendants prayed an appeal from the order of the superior court any second proceeding by the commission was barred, but it does not appear that the appeal was perfected.

Whether or not the civil service commission observed all of its rules touching proceedings before it cannot be questioned by this mandamus proceeding. In the cited case of *City of Chicago v. Bullis,* 124 Ill. App. 7, the rules were considered on a writ of certiorari.

By placing petitioner in his position as patrolman from July 13, 1923, to September 21, 1923, respondents did not waive their right to try him again upon the same charges. They were bound to reinstate petitioner after the order of the superior court quashing the proceedings of the commission, but as there had been no adjudication of the charges against petitioner they could be renewed.

It is well established that mandamus is not a writ of right, but rests in the sound judicial discretion of the court, and it may be refused if the consequences of the writ will not promote substantial justice. *Hooper v. Rooney,* 293 Ill. 370. Even if there were no other considerations, we would hold that it would not promote substantial justice, but would tend to disorder and confusion to grant the writ to a petitioner who appears to have been found guilty in two trials of receiving a bribe for having a court record wrongfully changed. Petitioner nowhere alleges that these findings of the civil service commission were false or erroneous, nor does he deny the truth of the charges.

His petition for salary for the period from July 13, 1922, to April 23, 1923, was not filed until May 5, 1925, a delay of over two years. In *People ex rel. Qualey v. City of Chicago,* 203 Ill. App. 192, it was held that a

216      APPELLATE COURTS OF ILLINOIS.

Sterling-Midland Coal Co. v. Gt. L. C. & C. Co., 240 Ill. App. 216.

delay of more than six months in filing a petition by a police officer constituted laches. Neither is he entitled to salary after September 21, 1923, the date he was ousted from his position under the second proceeding before the commission.

For the above reasons, the order of the superior court is reversed.

*Reversed.*

MATCHETT, P. J., and JOHNSTON, J., concur.