The People of the State of Illinois ex rel. Edward J. Mitchell, Appellee, v. City of Chicago et al., Appellants.

Gen. No. 31,062.

1. OFFICERS AND PUBLIC EMPLOYEES—*extent of review of decision of Civil Service Commission.* A reviewing court will not decide whether a Civil Service Commission decided rightly or wrongly in removing a policeman from duty, but only whether it had jurisdiction and did so in the legal manner.

2. OFFICERS AND PUBLIC EMPLOYEES—*remedies to secure reinstatement of Civil Service employee.* Both certiorari and mandamus may be used as remedies to secure reinstatement of a police officer claimed to have been wrongfully removed by a Civil Service Commission.

3. OFFICERS AND PUBLIC EMPLOYEES—*when petition for mandamus to secure reinstatement demurrable.* Where a petition for mandamus showed on its face that the ouster of a policeman complained of was done by the Civil Service Commission with jurisdiction and on full hearing and in compliance with the law, a demurrer thereto should be sustained.

Appeal by plaintiffs from the Circuit Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1926. Reversed. Opinion filed December 29, 1926.

FRANCIS X. BUSCH, Corporation Counsel, and FRANCIS J. VURPILLAT, Assistant Corporation Counsel, for appellants.

MICHAEL F. RYAN, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

The petitioner, Mitchell, filed a petition in the circuit court of Cook county, praying for the issuance of a writ of mandamus against the respondents, requiring his reinstatement as a police patrolman in the Civil Service of the City of Chicago, on the ground that his previous discharge from that position, by the Civil Service Commission, was illegal. The respondents demurred to the petition and the trial court overruled the demurrer. Respondents then elected to stand by their demurrer, whereupon, the trial court ordered the writ of mandamus to issue as prayed for. To reverse that judgment the respondents have perfected this appeal.

The material facts alleged by the petitioner in his petition, and for the purpose of this decision, admitted by the demurrer of the respondents, were the following: From 1906 to February, 1924, the petitioner occupied the position of police patrolman, which is provided for by certain laws and ordinances which were set out in the petition. Such position had been classified in the Civil Service, and the petitioner had successfully passed an examination for the position, had been placed upon the eligible list and thereafter been certified for appointment by the commission, and duly appointed by the superintendent of police to such position of police patrolman, which position he was occupying in February, 1924, as above stated.

Under date of February 6, 1924, the superintendent of police filed written charges together with specifications, against the petitioner, with the Civil Service Commission. These charges involved violation of certain of the rules and regulations of the department of police. The charges preferred set these violations forth as follows: (1) Conduct unbecoming a police officer or employee of the police department; (2) neg-

lect of duty; (3) violation of criminal law; (4) receiving bribes in money or other valuable things; and (5) neglect to turn over all property recovered or taken from person arrested to proper officer or other proper person, without unnecessary delay. The written specifications which accompanied these charges set forth with particularity the acts and conduct of the petitioner which were charged to constitute the offenses claimed to have been committed by the petitioner. Due notice in writing was served upon the petitioner, setting forth the filing of these written charges, copy of which was furnished to him, and he was notified of the time fixed for the hearing of the charges. The petitioner appeared at such hearing with counsel, and objected to the jurisdiction of the commission and was overruled. At the conclusion of this hearing, the petitioner was ordered discharged from the Civil Service of the City of Chicago. There is set forth, in his petition for mandamus, the finding of the trial board of the Civil Service Commission in full. That finding recited the written charges at length, the notice served upon the petitioner, the fact that a copy of the charges had been furnished to him, and that he had appeared in person and by counsel, and participated in the hearing; and further, that the commissioners found that they had jurisdiction of the subject matter and of the person of the respondent in those proceedings, the petitioner here; and their finding set forth that from a consideration of all the evidence before them they found certain facts to be true and these facts were set forth in the finding or final order of the trial board, in detail. They were to the effect that on September 16, 1921, while Mitchell was acting as a patrolman in the department of police in the City of Chicago, and on duty as such patrolman, he had unlawfully taken four cases of whisky from a truckload of whisky, which had been detected by him while standing on the street, and he had failed to turn them over to the police

custodian or to report them to his superior officer; that he had stolen and carried this whisky away, in violation of the law; and that later on the same day he had unlawfully taken possession of a motor truck, and together with certain confederates had unloaded approximately one-half of the cases of whisky from the truck which had been detected earlier in the day, to the truck which they had unlawfully commandeered; that he arranged with another to have the truck which had been apprehended earlier in the day, reported as stolen and that this report was made to one of the police stations by one of Mitchell's confederates, after which, Mitchell accompanied the truck, loaded with whisky, to a stated point in the City of Chicago, where, after arranging to notify the police of the location of the truck, he disappeared from the scene; and that a few days later Mitchell attempted to negotiate a settlement for the whisky which had been unlawfully removed from the apprehended truck, but that these negotiations failed to materialize. By their order, the trial board then proceeded to find that Mitchell was guilty of each of the offenses charged, except the third.

In his petition for mandamus, the petitioner further set forth that all these proceedings before the Civil Service Commission took place after he and several others had been indicted by the Federal Grand Jury for alleged violation of the Prohibition Act, and after he had been tried on that indictment and found not guilty by a jury on January 11, 1924. He alleged further that the charges preferred against him before the Civil Service Commission "were the same identical charges on which your petitioner was charged before a jury in the District Court of the United States," and that he was not guilty of the charges upon which he was indicted nor of those filed against him before the Civil Service Commission. Petitioner alleged further that there was no evidence produced before the commission proving, or tending to prove, the matters stated in the charges and specifications filed with

the commission by the superintendent of police; and that the matters alleged in those charges and specifications did not constitute an offense for which he could lawfully be dismissed from his position as a patrolman, because of the fact that he had been found not guilty in the trial of the indictment returned against him in the Federal Court. He alleged further that the evidence produced before the commission showed that he was not guilty of any of the matters stated in the charges and specifications filed with the commission; that the commission was without jurisdiction to try him or order his removal from his position, because of the fact that no cause of removal was exhibited as required by section 12 of the Civil Service Act [Cahill's St. ch. 24, ¶ 697]; that the commission failed to follow its rules governing trials; and that it permitted prejudicial and incompetent evidence to be introduced, and kept out proper evidence; that the commission was guilty of bad faith and exceeded its jurisdiction; and that its finding and decision was an arbitrary abuse of its powers, and that the commission had ignored the verdict in the Federal Court and refused to abide by it. Another allegation made by Mitchell in his petition was "that the records of the Commission indicate that petitioner did not have an opportunity to be heard in his own defense and that the cause was predetermined and prejudged." As part of the petition there were attached to it the indictment returned against Mitchell and his associates in the Federal Court, and the judgment of the court in that case.

In support of their appeal the defendants contend that the writ of mandamus will not lie to review the proceedings of the Civil Service Commission, citing *People ex rel. Miller v. City of Chicago,* 234 Ill. 416; *People ex rel. Qualey v. City of Chicago,* 203 Ill. App. 191; and *People ex rel. Aeberly v. City of Chicago,* 240 Ill. App. 208. In the *Miller* case the relator sought to have the proceedings of the Civil Service Commission,

by which he had been removed as a lieutenant of police, reviewed by means of a writ of mandamus. The court did not there decide whether the proper procedure was by petition for mandamus or for certiorari, but it was held that "even granting that the courts have power, by mandamus, to review the findings of such Civil Service Commissioners," there was nothing presented in the record of that case which would warrant the relief which the circuit court had granted. In the course of its opinion in that case the court said that "Where acts and duties necessarily call for the exercise of judgment and discretion on the part of an officer, body or person at whose hands performance is required, mandamus will not lie to direct how such discretion shall be exercised." Such holding is not pertinent, in our opinion, to a consideration of whether mandamus or certiorari is proper in seeking relief against action of a Civil Service Commission. Whether such relief is sought by mandamus or certiorari, in neither case will the reviewing court direct how the commission shall exercise its discretion, for the reviewing court may not go into the question of whether the commission decided the issue presented to it rightly or wrongly, but will merely inquire, from the record of the proceedings before the commission, whether it had jurisdiction, under the law, and whether it proceeded to consider and determine the matter presented to it as the law prescribes. Where the relief prayed for is granted, it is never on the theory that the commission did not properly exercise its discretion or that it decided the issue of fact presented to it wrongly, but rather on the ground that the commission had no jurisdiction or that the procedure was in some way illegal. Such being the case it would seem that either certiorari or mandamus might properly be availed of as a remedy for the relief sought.

In the *Qualey* case, *supra*, the court held that the findings of the Civil Service Commission could not be reviewed upon the question of the innocence or guilt

of the petitioner. The writ prayed for in that case was one of mandamus rather than certiorari, but the court did not distinguish between the two.

In the *Aeberly* case, *supra*, it was held that mandamus will not lie to review the proceedings of a Civil Service Commission, the court remarking that the writ of mandamus is never properly directed to a subordinate tribunal, exercising judicial or discretionary power, "to compel them to decide in a particular manner." But, as previously stated, whether the review is by mandamus or certiorari, if the opinion of the court is that the commission did not have jurisdiction or has not proceeded in the manner provided by law, then the court grants the relief sought, but in so doing the court does not endeavor to direct the commission "to decide in a particular manner" but rather to reinstate the petitioner to the office from which he had been removed, on the ground that such removal was illegal, either because the commission was without jurisdiction or has failed to proceed in the manner provided by law. Such being the remedy, mandamus would seem to be quite as appropriate as certiorari.

As the court said in the *Aeberly* case, writs of mandamus and certiorari have both been used for the purpose of reinstating one who has been removed from an office, or suspended illegally. In the following cases certiorari was the remedy employed: *Joyce v. City of Chicago*, 216 Ill. 466; *Powell v. Bullis*, 221 Ill. 379; *Kammann v. City of Chicago*, 222 Ill. 63; *City of Chicago v. Condell*, 224 Ill. 595; *Blake v. Lindblom*, 225 Ill. 555; *Funkhouser v. Coffin*, 301 Ill. 257; and on the other hand, mandamus was the remedy employed in the following cases: *People ex rel. Hayes v. City of Chicago*, 142 Ill. App. 103; *Quinn v. City of Chicago*, 178 Ill. App. 115; *Ellfeldt v. City of Chicago*, 189 Ill. App. 610; *Stott v. City of Chicago*, 205 Ill. 281; *City of Chicago v. People ex rel Gray*, 210 Ill. 84; *McNiell v. City of Chicago*, 212 Ill. 481; *Fitzsimmons v. O'Neill*,

214 Ill. 494; *People ex rel. Lane v. Lindblom,* 215 Ill. 58; *People ex rel. Miller v. City of Chicago,* 234 Ill. 416; *People ex rel. Blachly v. Coffin,* 279 Ill. 401, and *People ex rel. Jacobs v. Coffin,* 282 Ill. 599.

In *Heaney v. City of Chicago,* 117 Ill. App. 405, this court, referring to *People ex rel. Lindblom, supra,* said: "We have nothing to do in this case with the justice of the finding which the Civil Service Commission made against the plaintiff in error, nor whether it erred in its decision on the facts, or even whether it erred in its rulings of law, * * * the only questions open in the Superior Court were whether the Civil Service Commission had jurisdiction, and whether it followed the form of proceedings legally applicable in such cases." The remedy was sought in that case by means of a petition for certiorari. In *People ex rel. Hayes v. City of Chicago, supra,* where the remedy sought was by means of a petition for a writ of mandamus, this court referred to what it had had occasion to say in the *Heaney* case, just quoted, and then said: "It makes no difference whether the review is attempted by *certiorari* or in a petition for *mandamus*; the inquiry on our part and on the part of the Circuit and Superior Courts is limited to the questions whether the Commission had jurisdiction and whether it followed the form of proceedings legally applicable in such cases." As already noted, in the event the court is of the opinion that the commission did not have jurisdiction or did not follow the form of proceedings legally applicable in such cases, the relief awarded is not in the form of a direction to the commission to decide the issue which was presented to it in a certain way, but it is a direction to reinstate the petitioner *for a reason entirely apart from the merits of the issue which was presented to the commission.* We are, therefore, of the opinion that the demurrer interposed in the case at bar by the defendants may not be supported merely upon the fact that

the remedy sought to be employed was mandamus rather than certiorari.

However, we are further of the opinion that the facts recited in the petition itself show on their face that in the proceedings before the Civil Service Commission, resulting in the order of dismissal, which the petitioner here complains of, they did have jurisdiction of the subject matter presented to them, and also that they did proceed in the manner provided by law. The facts set forth in the petition show that written charges and specifications were filed with the commission as the law provides they shall be when there is claimed to be a cause for the removal of one in the Civil Service; that the petitioner was notified of the charges and specifications; that the petitioner appeared before the commission in person and by counsel, and was found guilty of offenses charged against him; the commission's finding stated the specific acts of which the petitioner was found guilty.

Such a record being recited in the petition, that pleading itself establishes that the Civil Service Commission had jurisdiction and proceeded according to law. For that reason the demurrer interposed by the defendants should have been sustained. The judgment of the circuit court is, therefore, reversed.

*Judgment reversed.*

TAYLOR, P. J., and O'CONNOR, J., concur.