## The People of the State of Illinois ex rel. Orville B. Holland, Appellee, v. Nicholas R. Finn et al., Civil Service Commissioners of Chicago, Appellants.

### Gen. No. 31,891.

1. CERTIORARI—*laches in filing petition.* One who delays one year and seven months in filing his petition for certiorari to annul an order of a civil service commission for his discharge from a municipal police department is guilty of laches which bars his right to the writ.

2. CERTIORARI—*laches not excused by delay in awaiting result of application for rehearing.* A long delay of one in filing a petition for certiorari to annul an order of a civil service commission for his discharge from a municipal police department is not excused by the fact that the petitioner was awaiting the result of his application to the commission for a rehearing. .

3. OFFICERS—*right to petition civil service commission for rehearing.* The right to file a petition for rehearing in a proceeding before a municipal civil service commission can only arise by reason of a rule permitting the same.

4. OFFICERS—*plea for reinstatement as petition for rehearing.* A plea, by one discharged from a municipal police force on the order of a civil service commission, for reinstatement upon the petitioner's promise of future good conduct is not a petition for rehearing.

5. CERTIORARI—*facts established by writ to review civil service order for discharge of policeman.* In certiorari by one to annul an order of civil service commission for his discharge from a municipal police force, the jurisdiction of the commission and the fact that there has been a proper legal proceeding for the removal is established by the writ showing the charges and specifications filed as cause of the removal, the summons, the proof of service, the appearance of the accused, and the finding that he was guilty, in which finding are set out the facts which were actually found and which are substantially in the language of the charges and specifications, and that therefore he was guilty of conduct unbecoming a police officer and of immoral conduct, as alleged in the charges.

6. CERTIORARI—*right to file replication.* In certiorari by one to annul an order of a civil service commission for his discharge from a municipal police department, held error to permit a replication to be filed and to try the issues thereby made.

7. CERTIORARI—*office of writ.* The only office of a writ of certiorari is to bring before the court the proceedings of an inferior tribunal for inspection.

8. CERTIORARI—*right of petition to introduce evidence.* In certiorari by one to annul an order of a civil service commission for his discharge from a municipal police department, held error to hear testimony on behalf of petitioner.

9. CERTIORARI—*trial confined to inspection of record.* When the record is returned in certiorari, the trial is solely by inspection of the record and no inquiry is permissible as to any matter not appearing in the record.

10. CERTIORARI—*impeachment of the return.* In certiorari by one to annul an order of a civil service commission for his discharge from a municipal police force, evidence of an attorney that at a certain time

he examined certain records of the commission relating to the petitioner and was told by some one, called the secretary, that this was all the record up to that time, is inadmissible to impeach the return of the commission to the writ.

Appeal by defendants from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927.    Reversed. Opinion filed December 27, 1927.

SAMUEL A. ETTELSON, Corporation Counsel, JAMES W. BREEN, First Assistant Corporation Counsel, and FRANCIS J. VURPILLAT, Assistant Corporation Counsel, for appellants; FRANCIS J. VURPILLAT, on the brief.

EARL J. WALKER, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Defendants appeal from a judgment for petitioner in a proceeding wherein by writ of certiorari the latter sought to have his discharge from the police department of the City of Chicago declared null and void. After the writ of certiorari had issued and respondents had made return by filing their record, the trial court, over defendants' objection, permitted a replication to be filed and a trial was had upon issues presented on the petition and replication. Judgment was rendered for the petitioner.

We hold that this judgment was improper and that it must be reversed. The most obvious reason supporting our conclusion is the laches of the petitioner in filing his petition. The order discharging petitioner from the police force was entered January 28, 1925. He did not file his petition until August 25, 1926, an interval of almost one year and seven months. It has been repeatedly held that where one is discharged by order of the Civil Service Commission and delays longer than six months in filing his petition for

certiorari, he is guilty of laches which bars his right to the writ. *Cox v. Finn,* 239 Ill. App. 670; *People ex rel. Macauley v. Burdette,* 285 Ill. 48; *Clark v. City of Chicago,* 233 Ill. 113; *Schultheis v. City of Chicago,* 240 Ill. 167, 170; *Cronin v. Civil Service Com'rs,* 243 Ill. App. 625.

Petitioner replies that on February 17, 1925, he filed a petition for rehearing and being unschooled in the law supposed that he must await some action on the petition for rehearing before he could file his petition for certiorari, and that it was not until April 1, 1926, that said petition for rehearing was denied. This reply will not avail. The rule with reference to action in civil cases pending the disposition of a petition for rehearing does not apply in civil service cases. Therefore. citations relating to judicial practice are not in point. The right to file a petition for rehearing in a civil service case can only arise by reason of a rule permitting the same, and no such rule is shown in the present record. Furthermore, the alleged petition for rehearing is not a petition for a rehearing of the cause. It is merely a plea for reinstatement upon the promise by petitioner that "his conduct thereafter will be such that his superior officers will have no just cause for complaint." In *Cox v. Finn,* 239 Ill. App. 670, it was held that, even if the rules of the commission did authorize a rehearing, petitioner was not precluded thereby from suing out the writ of certiorari immediately after her discharge or at least after waiting a reasonable time for action thereon, citing *People ex rel. Macauley v. Burdette,* 285 Ill. 48.

The record returned pursuant to the writ established the jurisdictional fact pertaining to the person, the subject matter and the grounds for discharge and a proper legal procedure for the removal of petitioner under section 12 of the Civil Service Act, Cahill's St. ch. 126a, ¶ 14. The writ shows the charges and specifications filed as cause of the removal, the

summons, the proof of service, the appearance of the accused and the finding that he was guilty, in which findings are set out the facts which were actually found and which are substantially in the language of the charges and specifications, and that therefore he was guilty of conduct unbecoming a police officer or an employee of the police department and of immoral conduct, as alleged in the charges. This establishes jurisdiction of the commission and that there has been a proper legal proceeding for the removal of the petitioner. *People ex rel. Martin v. Finn,* 241 Ill. App. 628; *Murphy v. Finn,* 241 Ill. App. 620; *Patterson v. Finn,* 243 Ill. App. 625; *People ex rel. Mitchell v. City of Chicago,* 243 Ill. App. 100; *People ex rel. Aeberly v. City of Chicago,* 240 Ill. App. 208; *Funkhouser v. Coffin,* 301 Ill. 257; *Kammann v. City of Chicago,* 222 Ill. 63; *Joyce v. City of Chicago,* 216 Ill. 466; *People ex rel. Maloney v. Lindblom,* 182 Ill. 241.

It was error to permit a replication to the petition to be filed and to try the issues thereby made. The only office of the writ of certiorari is to bring before the court the proceedings of an inferior tribunal for inspection, and it is error to hear any testimony in behalf of the petitioner. *Cronin v. Civil Service Com'rs,* 243 Ill. App. 625; *Cass v. Duncan,* 260 Ill. 228; *Kammann v. City of Chicago,* 222 Ill. 63; *Joyce v. City of Chicago,* 216 Ill. 466; *Funkhouser v. Coffin,* 301 Ill. 257; *Chicago & Rock Island R. Co. v. Whipple,* 22 Ill. 105; *People ex rel. Slusser v. Gary,* 196 Ill. 310; *McKee Highway Com'rs v. Smith,* 217 Ill. 250; *Altamont Mfg. Co. v. Western Union Tel. Co.,* 222 Ill. App. 422; *Drainage Com'rs of Union Drainage Dist. v. Volke,* 163 Ill. 243. When the record is returned, the trial is solely by inspection of the record and no inquiry as to any matter not appearing in the record is permissible. Appellants' motion to strike such replication from the files should have been sustained. *Smith v. Chicago & W. I. R. Co.,* 105 Ill. 511.

Respondents' objection to and motion to strike the testimony of Mr. Elmer M. Leesman, attorney at law, should have been sustained. Even if it were competent, Mr. Leesman's testimony merely went to the fact that at a certain time he examined certain records of the Civil Service Commission relating to the petitioner Holland and was told by some one, called the secretary, that this was all the record up to that time. Such testimony was inadmissible to impeach the formal return of the commissioners to the writ.

Other irregularities might be pointed out. We primarily base our conclusion on the laches of the petitioner in filing his petition. The judgment will therefore be reversed, the writ quashed and the petition dismissed.

*Reversed.*

MATCHETT, P. J., and O'CONNOR, J., concur.